THE WESTERN ANTHRACITE COAL AND COKE COMPANY

*v.*

ALICE BEAVER *et al.*

*Opinion filed October 24, 1901.*

1. APPEALS AND ERRORS—*when judgment of Appellate Court is conclusive.* If the record contains evidence tending to sustain the verdict in a suit at law, or the findings of the court, if the case is tried without a jury, the Appellate Court's judgment of affirmance settles all controverted questions of fact and cannot be disturbed by the Supreme Court except for errors of law.

2. MINES—*contributory negligence no defense to a willful violation of statute.* Negligence of a miner which contributed to his injury is no defense to an action against the mine owner for willful failure to provide props and cap-pieces, as required by section 16 of the act relating to miners, as amended in 1887.

3. SAME—*miner is the judge of length of timbers to be furnished him.* The miner is the one to determine the length and dimensions of the props and cap-pieces he deems necessary, and if he orders props of a certain length the mine owner does not comply with the statute by sending props which have to be spliced or sawed.

*Western Anthracite Coal Co.* v. *Beaver,* 95 Ill. App. 95, affirmed.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of St. Clair county; the Hon. WILLIAM HARTZELL, Judge, presiding.

WISE & McNULTY, (PERCY WERNER, of counsel,) for appellant.

M. W. BORDERS, and J. M. HAMILL, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This is an action for damages, brought in the circuit court of Randolph county under the Miners act, by appellees, as the widow and children of Henry Beaver, deceased, to recover for the death of said Henry Beaver while in the employ of the defendant. A jury having been waived, the court decided the issues in favor of appellees and entered judgment against appellant for $4000, which judgment, on appeal, has been affirmed by the Appellate Court for the Fourth District, and a further appeal has been prosecuted to this court.

The count of the declaration upon which the case was tried alleges that the defendant was in the possession and operation of a certain coal mine located in Randolph county, Illinois; that it was the duty of the defendant to keep a supply of timber constantly on hand, of sufficient length and dimensions, to be used as props and cap-pieces, and to deliver the same as required, with the miner's empty car, so that the workmen might at all times be able to secure said workings for their own safety; that said Henry Beaver was in defendant's employ as a coal miner; that finding props and cap-pieces were needed in his room to prevent rocks, slate, clods, dirt, etc., from falling, on May 11, and prior thereto, and in accordance with the statute, he requested defendant to furnish and deliver to him props and cap-pieces of sufficient length and dimensions so that he might prop-

erly secure said working place for his own safety, and that, contrary to the statute, the defendant willfully failed and omitted to deliver to said Beaver props and cap-pieces as requested, of sufficient length and dimensions, with which to prop said room and make his working place safe from danger of falling rocks, slate, etc.; that on said day, while Beaver was at work, and because of the willful failure and omission on the part of the defendant to so furnish and deliver props and cap-pieces of sufficient length and dimensions, as required by the statute, a rock fell upon said Beaver, which caused his death, etc.

At the close of the plaintiff's evidence, and at the close of all the evidence, the appellant moved the court to give judgment in favor of the defendant on the ground that the plaintiffs had failed to prove a cause of action, which the court declined to do, and the defendant excepted to the action of the court in that behalf.

The statute in force at the time Beaver was killed reads as follows: "The owner, agent or operator of every coal mine shall keep a supply of timber constantly on hand of sufficient length and dimensions to be used as props and cap-pieces, and shall deliver the same as required, with the miner's empty car, so that the workmen may at all times be able to properly secure said workings for their own safety." (2 Starr & Cur. Stat. chap. 93, sec. 16, p. 2730.)

The evidence tends to establish that on May 11, 1899, appellant was operating a coal mine; that between ten and eleven o'clock on that day Henry Beaver, while in the employ of the appellant as a coal miner, was killed in said coal mine by a rock falling upon him; that the rock which fell on him was what is called "bastard" rock, being full of "niggerheads," and projected from the corner of the room on the left side, where the "working face," or coal, and the "rib," or side of the room, joined; that it weighed about fifteen hundred pounds, was about seven

feet long, five feet wide, about twelve inches thick in the middle, and tapered to an edge, and that the deceased was near the rock filing his bit when the same fell. At the time Beaver was killed he was working, with James Woodside as his "buddy," in room 1, off the fifth entry on the north main entry. The room was about thirty feet wide and had been worked about thirty-five feet from the entry. The height of the roof varied, the left side being fully one foot higher than the right side, the length of props required on the left side being six and one-half feet and on the right side five and one-half feet. On May 9 and 10 Beaver and Woodside worked the room to the right, leaving the coal underneath and adjacent to said rock unmined. John Winterbottom, who was at that time pit-boss for appellant at said mine, went into this room the day before Beaver was killed and upbraided Beaver and Woodside for not mining the room straight and for leaving coal under this rock and working around the same. In reply Beaver informed him that the rock was liable to fall and was dangerous, and that they had ordered props with which to prop it, and that they could get no props of the right length; that if he would send in some six and one-half foot props they would prop the rock and mine the room straight, as it was originally turned; that Winterbottom thereupon promised to send in the props as demanded, whereupon the deceased and Woodside went to work on the left side of the room and around the rock. Not getting the props ordered on May 10, deceased on the morning of May 11, about 6:40 A. M., wrote an order on the black-board, as was the customary manner of ordering props, for six and one-half foot props. Several empty cars were taken into said room on that day before the rock fell, but no props were delivered. In view of this evidence we are of the opinion the trial court did not err in declining, at the close of all the testimony, to render a judgment in favor of the appellant.

In an action at law it is not the province of this court to weigh evidence for the purpose of determining whether the verdict or the judgment is sustained by a preponderance of the testimony. If there is evidence in the record tending to sustain the verdict of a jury or the findings of the court, where the trial is before the court without a jury and judgment is rendered in favor of the plaintiff, a judgment of affirmance by the Appellate Court conclusively settles all questions of fact in his favor, and such judgment is binding upon this court, and cannot be disturbed except for errors of law.

No error is urged as to the admission or rejection of testimony.

Appellees submitted no propositions of law, and all of those submitted by appellant were held by the trial court, with the exception of the seventh, which is as follows:

"The court holds the law to be, that, under the laws of Illinois, if the defendant willfully neglected to furnish props and cap-pieces for Beaver and his partner, its employees, as required by statute, then its said employees did not assume the hazards or the usual risks of their employment while in its mine, and if they were injured because of a usual risk, the defendant is liable; but, on the other hand, even though the defendant did willfully fail to furnish suitable props and cap-pieces to deceased to make his room safe, as required by the statute, yet if the deceased was guilty of negligence in unnecessarily going where he was working where he was at the time he received the injuries which caused his death, and that without his own negligence this accident would not have happened, the plaintiffs cannot recover."

This proposition was properly refused, as the appellant cannot excuse a willful failure on its part to furnish suitable props and cap-pieces to deceased, upon his request, to make his room safe, as required by the statute, by showing that Beaver was guilty of negligence which

contributed to the injury. (*Carterville Coal Co.* v. *Abbott,* 181 Ill. 495; *Odin Coal Co.* v. *Denman,* 185 id. 413.) In *Carterville Coal Co.* v. *Abbott, supra,* on page 502 we say: "Mere contributory negligence on the part of a miner will not defeat a right of recovery where he is injured by the willful disregard of the statute, either by an act of omission or commission, on the part of the owner, operator or manager. To hold that the same principle as to contributory negligence should be applied in case of one who is injured in a mine because the owner, operator or manager totally disregard the statute, as in other cases of negligence, is to totally disregard the provisions of the constitution, which are mandatory in requiring the enactment of this character of legislation, and would destroy the effect of the statute and in no manner regard the duty of protecting the life and safety of miners."

It is contended that the evidence shows there was present in the room timber of sufficient length and dimensions to be used as props and cap-pieces, with which to have secured said rock. That was a question of fact to be determined from the evidence, and has been settled by the judgment of the Appellate Court adversely to the appellant. The statute should have a reasonable and liberal construction and one which will accomplish its purpose. We are of the opinion the miner must be the one to determine the length and dimensions of the props and cap-pieces which he deems necessary to properly secure the roof for his own safety. If he orders six and one-half foot props, the owner or operator has not complied with the statute when he has furnished props which must be spliced or sawed in two before they can be used.

Finding no reversible error in this record the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*