# The Spring Valley Coal Company

*v.*

## Alexander Patting.

*Opinion filed June 23, 1904.*

1. Courts—*when judgment of an appellate tribunal does not raise an estoppel.* A judgment by the United States Circuit Court of Appeals reversing a judgment of the United States Circuit Court in a personal injury case and remanding the cause for a new trial is not a final judgment, and, if followed by a non-suit, cannot be pleaded as an estoppel in a subsequent suit in a State court on the same cause of action.

2. Same—*principles announced in opinion do not control in different forum.* The principles announced in the opinion of an appellate tribunal on reversing a judgment and remanding the cause do not necessarily control the decision of the case in a different forum, in which the plaintiff instituted a new suit after dismissing the former proceeding or suffering non-suit.

3. Fellow-servants—*when miner and hoisting engineer are not fellow-servants.* The hoisting engineer at a mine is not a fellow-servant of the miners with respect to the operation of the cages in which they go to and from their work, where their respective duties do not bring them into association with each other nor in any manner require them to act or co-operate with each other, their duties being entirely disconnected.

4. Mines—*miner does not assume risk of owner's willful violation of Mining act.* A miner does not assume the risk of injuries resulting from the mine owner's willful violation of the act relating to mines and miners.

*Spring Valley Coal Co.* v. *Patting,* 112 Ill. App. 4, affirmed.

Appeal from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. Elbridge Hanecy, Judge, presiding.

A. R. Greenwood, and Henry S. Robbins, for appellant:

The decision of the United States Circuit Court of Appeals constituted an estoppel by verdict upon the questions it decided, when subsequently arising, as they did, between the same parties and upon the same plead-

ings and evidence.    *Hanna* v. *Read*, 102 Ill. 596; *Tilley* v. *Bridges*, 105 id. 336; *Theological Seminary* v. *People*, 189 id. 439; *Meiers* v. *Pinover*, 21 Ill. App. 551.

This principle applies to the decisions of appellate tribunals.    *Smyth* v. *Neff*, 123 Ill. 310; *Miller* v. *Pence*, 131 id. 122; *Ogle* v. *Turpin*, 8 Ill. App. 453; *Roberts* v. *Cooper*, 20 How. 467; *Clay* v. *Deskins*, 63 Fed. Rep. 330; *Philadelphia Ass.* v. *New York*, 119 U. S. 116; *Wood Co.* v. *Skinner*, 139 id. 295; *Last Chance Co.* v. *Tyler Co.* 157 id. 683.

The question of fellow-servants is one of fact, and should be submitted to the jury upon proper instructions from the court.    *Railroad Co.* v. *Moranda*, 108.Ill. 576; *Railroad Co.* v. *Morgenstern*, 106 id. 216.

The evidence tended to show that Patting knew of the absence of the light, and if so, he assumed the risk incident thereto, and the court should have so instructed the jury.    *Packing Co.* v. *Rohan*, 47 Ill. App. 655; *Kolb* v. *Enterprise Co.* 36 id. 419; *Simmons* v. *Railroad Co.* 110 Ill. 347; *Pennsylvania Co.* v. *Lynch*, 90 id. 333; *Ames* v. *Quigley*, 75 Ill. App. 446; *Evans* v. *Cheesmond*, 38 id. 615.

JAMES W. DUNCAN, J. D. SPRINGER, C. LEROY BROWN, and WALTER A. PANNECK, for appellee:

An estoppel by verdict can only be based upon a final judgment.    *Aurora City* v. *West*, 7 Wall. 82; *Bank* v. *Commissioners*, 90 Fed. Rep. 7; 1 VanFleet on Former Adjudication, 119.

A judgment of an appellate tribunal reversing a judgment of an inferior court and remanding the case for a new trial is not a final judgment.    *Chicago* v. *Sherman*, 192 Ill. 576; *Paxton* v. *Bogardus*, 188 id. 72; *Borg* v. *Railway Co.* 162 id. 348; 13 Am. & Eng. Ency. of Law, (2d ed.) 45, 46.

Where an appellate tribunal reverses a judgment at law with directions to grant a new trial, no estoppel is created as to a second action instituted after a non-suit. *Aurora* v. *West*, 7 Wall. 82; *Bucher* v. *Railroad Co.* 125 U. S. 555; *Railroad Co.* v. *Benz*, 108 Tenn. 670.

The engineer was performing one of the master's unassignable duties, and he was, therefore, a vice-principal. *Railroad Co.* v. *Eaton*, 194 Ill. 441; *Lumber Co.* v. *Ligas*, 172 id. 315; *Heldmaier* v. *Cobbs*, 96 Ill. App. 315; 195 Ill. 172; Bishop on Non-Contract Law, secs. 642, 652.

While it is generally a question of fact, still, when the evidence is undisputed, fellow-servant relationship may become a question of law. *Railroad Co.* v. *Driscoll*, 176 Ill. 330; *World's Columbian Exposition* v. *Lehigh*, 196 id. 612; *Steel Co.* v. *Coffey*, 205 id. 206.

The courts have often held, as a matter of law, that given servants were not fellow-servants. *Railway Co.* v. *Dwyer*, 162 Ill. 482; *Pullman Car Co.* v. *Laack*, 143 id. 242; *Lumber Co.* v. *Duggan*, 182 id. 218; *Duffy* v. *Kivilin*, 195 id. 630; *Railway Co.* v. *Swan*, 176 id. 330.

In such a case the trial court should eliminate the fellow-servant question from the instructions. *Railroad Co.* v. *Eaton*, 194 Ill. 441; *Railroad Co.* v. *Kneirim*, 152 id. 458; *Steel Co.* v. *Shields*, 146 id. 603; 170 id. 106.

The defense of assumed risk has no application where willful misconduct is charged or where the Miners act has been violated. *Coal Co.* v. *Grogan*, 67 Ill. App. 487; 169 Ill. 50; *Coal Co.* v. *Beaver*, 192 id. 333; *Coal Mining Co.* v. *Mercer*, 84 Ill. App. 96.

Mr. JUSTICE HAND delivered the opinion of the court:

This is an appeal from a judgment of the Appellate Court for the First District affirming a judgment for $10,000 recovered by the appellee, against the appellant, in the circuit court of Cook county, for a personal injury sustained by the appellee while in the employ of the appellant as a coal miner. The declaration contained a number of counts, and in various forms alleged a willful violation of the Mines and Miners act by the appellant in failing to provide a sufficient brake with which to control the cage upon which the appellee was being lowered to the bottom of its shaft at the time of his injury,

whereby said cage fell and he was injured; also in failing to furnish a sufficient light at the bottom of its shaft down which the appellee was being lowered at the time he was injured, to enable him to get off the cage with safety, whereby he was injured; also charged appellant with negligence, as at common law, in so carelessly, negligently and recklessly operating its machinery that it lost control of the cage upon which appellee was being lowered into its mine, by means whereof the cage, with appellee thereon, was precipitated to the bottom of its shaft, whereby he was injured.

The accident occurred on the morning of November 24, 1893, while appellee and a number of other coal miners were being lowered by appellant into its mine for the purpose of mining coal, upon a cage operated in a shaft three hundred and sixty feet deep. There was no light at the bottom of the shaft, and the only light in the shaft was that furnished by the miners' lamps. The machinery for operating the brake which controlled the speed of the cage failed to work and the cage dropped to the bottom of the shaft. The lamps of the miners became extinguished; appellee was thrown from the cage at the bottom of the shaft; the cage, which weighed, with the men thereon, something like thirty-five hundred pounds, re-bounded, and the appellee, while attempting in the darkness to save himself from injury, got one of his legs beneath the cage, and his leg was so crushed that it became necessary to amputate the same, and he was otherwise injured. It is undisputed that the failure of the brake which controlled the speed of the cage, to work, was due to the fact that the engineer did not expel from the engine which operated the brake, the cold water produced by the condensation of steam during the time the engine had been standing idle, as was his custom and duty to do before attempting to lower the cage.

A suit upon the same cause of action was, prior to the bringing of this suit, brought by the appellee against

the appellant in the United States Circuit Court for the Northern District of Illinois, wherein he recovered a verdict and judgment for the sum of $10,000, which judgment, on appeal to the United States Circuit Court of Appeals, was reversed and a new trial granted. The case was re-docketed in the United States Circuit Court, and when it was called for trial, the plaintiff not appearing, the court empaneled a jury to try the case, which jury, under the direction of the court, returned a verdict of not guilty, upon which verdict a judgment was rendered in favor of the defendant. Upon writ of error the United States Circuit Court of Appeals reversed said judgment, and in accordance with the mandate of that court the United States Circuit Court set aside the judgment rendered upon the verdict of not guilty and dismissed the suit for want of prosecution, and within a few days thereafter appellee began this suit. The defendant pleaded not guilty and the Statute of Limitations. The appellee filed a replication to the plea of the statute, setting up the pendency of the cause of action in the United States Circuit Court and the disposition thereof, to which replication the court overruled a demurrer, and no exception having been taken to the ruling of the court in that regard, the action of the court in overruling said demurrer is not raised in this court.

It is first contended as a ground for reversal in this court that the decision of the United States Circuit Court of Appeals constitutes an estoppel by verdict upon the question of the right of appellee to recover in this case against the appellant upon the ground of the negligence of the engineer of the appellant in failing to expel from the brake engine the cold water produced by the condensation of steam during the time the engine had been standing idle, as was his custom and duty to do before attempting to lower said cage into the mine, on the ground that the United States Circuit Court of Appeals, when the case was therein pending, held, as a matter of law,

that the appellee and the engineer of the appellant were
fellow-servants, and there could be no recovery by ap-
pellee against appellant on the ground of the negligence
of said engineer by reason of the fact that such relation
existed between them at the time the appellee was in-
jured. We do not agree with this contention, as the
law is well settled that an estoppel by verdict can be
based only upon a final judgment, and the judgment of
the United States Circuit Court of Appeals reversing the
judgment of the United States Circuit Court and grant-
ing a new trial, and the non-suit which followed, was not
a final judgment.

In the case of *City of Aurora* v. *West*, 7 Wall. 82, Mr.
Justice Clifford, speaking for the court, said: "Unless a
final judgment or decree is rendered in a suit, the pro-
ceedings in the same are never regarded as a bar to a
subsequent action. Consequently, where the action was
discontinued or the plaintiff became non-suit, or where,
from any other cause, except, perhaps, in the case of a
*retraxit*, no judgment or decree was rendered in the case,
the proceedings are not conclusive."

In *Bucher* v. *Cheshire Railroad Co.* 125 U. S. 555, an ac-
tion at law was brought in the United States Circuit
Court for the District of Massachusetts for damages for
injuries sustained by the plaintiff through defendant's
negligence while a passenger on its railway. Plaintiff
had previously brought a similar action in a State court
in Massachusetts, where he recovered judgment, which
was reversed, on appeal, by the Supreme Court of that
State and the cause was remanded for a new trial, it
being held in that court that at the time of his injury
plaintiff was traveling in violation of the Sunday laws,
which barred a recovery. Afterward the plaintiff became
non-suit and instituted the second action in the United
States Circuit Court. On the trial in the latter court the
defendant invoked the judgment of the Supreme Court of
Massachusetts on the Sunday law as an estoppel. The

United States Circuit Court held that the same question having been submitted to the jury in the trial in the State court and having been passed upon by the Supreme Court of the State, it did not consider there was evidence sufficient to go to the jury upon that subject. The action of the court in that regard was assigned as error in the United States Supreme Court. That court, in disposing of such assignment, said: "Upon this point we are of opinion that the court below ruled correctly. It is not a matter of estoppel which bound the parties in the court below, because there was no judgment entered in the case in which the ruling of the State court was made, and we do not place the correctness of the determination of the circuit court in refusing to permit this question to go to, the jury upon the ground that it was a point decided between the parties and therefore *res judicata* as between them in the present action, but upon the ground that the Supreme Court of the State, in its decision, had given such a construction to the meaning of the word 'charity' and 'necessity' in the statute as to clearly show that the evidence offered upon that subject was not sufficient to prove that the plaintiff was traveling for either of those purposes." .

In *Gardner* v. *Michigan Central Railroad Co.* 150 U. S. 349, the plaintiff, an employee of the defendant, sued the defendant in an action at law for damages occasioned by the alleged negligence of the defendant. He had previously brought a similar action in the State court in Michigan, where he recovered judgment, which, on appeal, was reversed by the Supreme Court of Michigan and a new trial granted, on the grounds that upon the facts proved plaintiff was guilty of contributory negligence and that the negligence conducing to cause his injuries was that of a fellow-servant. Upon the case being remanded the plaintiff became non-suit and thereupon commenced a second action in the United States Circuit Court for the Western District of Michigan, and

upon the trial defendant contended that the said judgment of the Supreme Court of Michigan precluded the plaintiff from maintaining that action, but the Supreme Court of the United States, on appeal to that court, overruled such contention. That court said: "Counsel for the plaintiff in error does not contend that the judgment of the Supreme Court of Michigan operated as a bar to this action, but he insists that that judgment precluded 'the plaintiff from successfully maintaining a new action against the defendant, upon evidence tending to prove only the same state of facts which the evidence before the Supreme Court of the State tended to prove.' This assumes a final adjudication on matter of law binding between the parties, and, treating the judgment reversing and remanding the cause as final, applies it as an estoppel, notwithstanding the fact that a non-suit was subsequently taken. We cannot concur in this view, and are of opinion that the circuit court was not obliged to give any such effect to the proceedings in the State court."

In *Illinois Central Railroad Co.* v. *Benz*, 108 Tenn. 670, (58 L. R. A. 690,) a case very similar to the one at bar was presented to the court for decision. In that case, in an action for personal injuries, plaintiff recovered a judgment in the United States Circuit Court, which was reversed by the United States Circuit Court of Appeals and the case was remanded for a new trial on the ground that the injury occurred through the negligence of a fellow-servant. Upon the case being re-docketed in the United States Circuit Court plaintiff was non-suit and thereafter started a new suit in a State court of Tennessee. Defendant set up the reversal by the United States Circuit Court of Appeals as an estoppel in bar of the action in the State court. The Supreme Court of Tennessee, upon review of the foregoing cases, held that the decision of the United States Circuit Court of Appeals did not operate as an estoppel in the State court.

In *Holland* v. *Hatch*, 15 Ohio St. 464, the action was at law upon a bill of exchange. A previous action had been brought upon the same bill in a State court in Indiana, where the plaintiff had recovered in the trial court, but on appeal the Supreme Court of Indiana reversed and remanded the case for further proceedings, whereupon the plaintiff became non-suit and thereupon brought the second suit in Ohio, where the defendant invoked the said judgment of the Supreme Court of Indiana as an estoppel. On appeal to the Supreme Court of Ohio it is said (p. 468): "It seems to us, that when the judgment of the Indiana circuit court was reversed in the Supreme Court of that State and the cause remanded again to the circuit court for further proceedings, the case stood in the circuit court as it did before the trial or judgment. The judgment of the circuit court had become a nullity by the reversal. The judgment of the Supreme Court was the only thing left to estop the parties, and that simply estops them from denying that the judgment below was reversed and that the cause was remanded. And the final judgment below seems to estop them from denying that the case ended in a non-suit, and not in a judgment upon the merits."

Great reliance is placed by the appellant upon the case of *Chicago Theological Seminary* v. *People*, 189 Ill. 439, as an authority sustaining its position that the decision of the United States Circuit Court of Appeals should be held to work an estoppel upon the appellee in this case. That decision was based upon the view that the judgment in the case of *People* v. *Theological Seminary*, 174 Ill. 177, relied upon as an estoppel, was a final judgment, and it was so treated by the court. The court said (p. 448): "The judgment rendered by this court in the case last referred to was not merely a judgment reversing and remanding the cause for further proceedings, but it was a judgment which reversed the judgment of the county court and remanded the cause 'for further proceedings in

accordance with the views herein expressed,'—that is, in accordance with the views expressed in the opinion in that case. * * * A judgment rendered by this court reversing and remanding a cause for further proceedings in accordance with the views expressed in the opinion rendered is a final judgment, so far as the questions decided in the opinion are concerned." The decision, therefore, in *Theological Seminary* v. *People, supra,* is not an authority sustaining the position that the decision of an appellate court reversing a case and remanding the same for a new trial, in which case the plaintiff afterwards submits to an involuntary non-suit, can be pleaded in another suit commenced upon the same cause of action, as an estoppel, and is not in conflict with the authorities above referred to.

When a cause is reversed by an appellate tribunal and remanded for a new trial the principles announced by the appellate tribunal in its opinion, on a re-trial of the case in the court to which the case is remanded, must control, but where, upon a remandment, the cause is dismissed or the plaintiff suffers a non-suit and a new action is brought upon the cause of action in another forum, the principles of law announced by said appellate tribunal will not necessarily control in the decision of the case in the new forum. In *Gardner* v. *Michigan Central Railroad Co. supra,* it was held that the responsibility of the appellee in that case to the appellant, as an employee, was involved, which responsibility was controlled by matters of general law, and that in applying the law to the case then before the court it was the duty of the court to apply the law of the forum wherein the case was then pending, and it was not the duty of the court to apply the law as announced by the Supreme Court of Michigan. The same holding was made in *Illinois Central Railroad Co.* v. *Benz, supra.* It was not, therefore, the duty of the State court to apply the rule upon the question of fellow-servants announced by the United States Circuit Court

of Appeals in this case, as the rule as to what constitutes
the relation of fellow-servants between servants of a
common master is a matter controlled by general law,
and the law upon this subject is different in the Federal
courts from what it is in this State as administered by
the courts of this State.

It is next contended that the trial court erred in not
submitting to the jury the question whether or not the
relation of fellow-servants existed between the appellee
and the engineer of the appellant at the time of the in-
jury. The engine room in which the engine which oper-
ated the brake which controlled the speed of the cage
upon which the appellee was being lowered into the mine
was located, was sixty feet from the mouth of the shaft.
The appellee was not acquainted with the engineer, and
was forbidden, as were all other miners, access to the
engine room. The duties of the engineer were to operate,
by means of the engines under his control, the moving
of the cage up and down the shaft upon which the men
were carried to and from their work in the mine, and up-
on which empty cars were sent into the mine and loaded
cars drawn up to the surface of the ground, and to con-
trol the brake which regulated the speed of the cage as
it ascended or descended in the shaft. His action in rais-
ing and lowering the cage was controlled by signals given
him by a man who was stationed at the top and another
who was stationed at the bottom of the shaft, while the
duty of the appellee was to mine coal in the mine. The
duties of the two men never brought them together in
the discharge of their respective duties. So far as ap-
pears they never met. Indeed, their duties were as dis-
connected as if they were employed by different masters
and performed their labors in places having no connec-
tion whatever with each other. The respective duties
of the appellee and said engineer did not bring them into
association with each other and did not in any manner
require them to act or co-operate with each other. In

view of their duties and relations to each other, within the rule announced in this State, the facts being undisputed, we think the court properly refused to submit to the jury the question whether or not the relation of fellow-servants existed between them. While it is true, generally, that the question whether the servants of a common master are fellow-servants is a question of fact for the jury, (*Norton Bros.* v. *Nadebok*, 190 Ill. 595,) when the facts are conceded or there is no dispute with reference thereto, and all reasonable minds will agree, from the evidence and the legitimate conclusions to be drawn therefrom, that the relation of fellow-servants does or does not exist, then the question becomes one of law, and not of fact. *Chicago and Eastern Illinois Railroad Co.* v. *Driscoll*, 176 Ill. 330; *Norton Bros.* v. *Nadebok, supra.*

Lastly, the appellant contends that the court improperly refused to instruct the jury that if the appellee knew there was no light at the bottom of the mine and with such knowledge he voluntarily descended into the mine, he could not recover by reason of the absence of such light on the morning of the injury. This court has held that contributory negligence is no defense to an action against a mine owner if an injury results to a miner by reason of a willful violation of the Mines and Miners act, (*Western Anthracite Coal and Coke Co.* v. *Beaver*, 192 Ill. 333,) and we think the same reasoning applies to the doctrine of assumed risk. The statute expressly requires the mine owner to furnish a sufficient light at the top and bottom of the shaft to insure, as far as possible, the safety of persons getting on and off the cage. To excuse the mine owner from a compliance with said statute upon proof of the fact that the miner knew the mine owner was violating the statute would be to repeal the statute. It is clear, however, the refusal of the instruction did not prejudice the appellant, as it appears the appellee was injured by the negligence of the engineer in charge of the engine which operated the brake that controlled the

speed of the car, and unless the engineer was a fellow-servant of the appellee, which we have held he was not, appellant is liable and the judgment should be affirmed.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*