### BRAZIL BLOCK COAL CO. v. HOTEL.

(Circuit Court of Appeals, Seventh Circuit. July 27, 1911.)

No. 1,775.

1. MASTER AND SERVANT (§ 129*)—INJURIES TO SERVANT—MINERS—STATUTORY DUTY.

Mines Act (Hurd's Rev. St. Ill. 1909, c. 93) § 16, requires every mine manager to furnish a sufficient supply of props to miners on demand; and section 33 provides that for any injury to person or property, occasioned by any willful violation of the act, or willful failure to comply with any of its provisions, a right of action shall accrue to the party injured for any direct damages sustained thereby. *Held*, that liability for failure to supply timbers attaches only when the failure is the proximate cause of the injury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 257–263; Dec. Dig. § 129.*]

2. MASTER AND SERVANT (§ 270*)—EVIDENCE (§ 513*)—INJURIES TO SERVANT—MINES—FAILURE TO PROVIDE PROPS—EXPERT EVIDENCE.

In an action for injuries to a miner by the fall of a portion of a roof, on an issue whether the injury proximately resulted from the mine manager's failure to provide props, as required by Mines Act (Hurd's Rev. St. Ill. 1908, c. 93) § 16, plaintiff was entitled to prove the physical condition of the room in which he was injured, and also to offer testimony of himself and others, as experts, that the use of timbers was the proper method to secure safety under the circumstances as they existed.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 913, 927; Dec. Dig. § 270;* Evidence, Cent. Dig. § 2317; Dec. Dig. § 513.*]

3. MASTER AND SERVANT (§ 125*)—REGULATION OF MINES—"DEMAND" FOR PROPS.

Where a custom prevailed at defendant's mine, by which a miner was required to deposit a written demand for props in a box provided by de-

---
*For other cases see same topic & § NUMBER in.Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

fendant for that purpose, a miner's deposit of a signed order for props in the box was a sufficient "demand" for them, within Mines Act (Hurd's Rev. St. Ill. 1909, c. 93) § 16, providing that it shall be the duty of a mine manager to furnish a sufficient supply of props when demanded.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 125.*

For other definitions, see Words and Phrases, vol. 2, pp. 1973–1976; vol. 8, p. 7633.]

4. APPEAL AND ERROR (§ 1003*)—REVIEW—PREPONDERANCE OF EVIDENCE.

The Circuit Court of Appeals will not review the evidence, to settle a debate between counsel as to the side on which the preponderance of the evidence lay with reference to a certain issue.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3938–3943; Dec. Dig. § 1003.*]

5. APPEAL AND ERROR (§ 1005*)—NEW TRIAL—DENIAL—REVIEW.

The Circuit Court of Appeals will not review an alleged error of the trial court in refusing to grant a new trial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3860–3876; Dec. Dig. § 1005.*]

In Error to the Circuit Court of the United States for the Eastern District of Illinois.

Action by Henri Hotel against the Brazil Block Coal Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Charles Troup and H. M. Steely, for plaintiff in error.

C. H. Beckwith, W. T. Gunn, and Walter C. Lindley, for defendant in error.

Before GROSSCUP, BAKER, and KOHLSAAT, Circuit Judges.

BAKER, Circuit Judge. Defendant in error (plaintiff) was injured by a falling rock while working in defendant's coal mine in Illinois.

By section 16 of the mines act the mine manager is required to furnish "a sufficient supply of props, caps and timbers delivered on the miners' cars at the usual place when demanded." Section 33 provides that "for any injury to person or property occasioned by any willful violation of this act, or willful failure to comply with any of its provisions, a right of action shall accrue to the party injured for any direct damages sustained thereby."

Plaintiff alleged that on February 4, 1910, he was in the employ of defendant and was working in room 34; that it was then the statutory duty of defendant through its mine manager to provide timbers when demanded by plaintiff so that he might secure the roof of his room; that defendant willfully failed to perform this duty although plaintiff on the two preceding days had demanded timbers; that by reason of such failure a dangerous rock was allowed to remain unsupported in the roof of his room; and that while he was at work the rock fell and broke his back.

At the close of the evidence the court overruled defendant's motion for a binding instruction, submitted the case to the jury under a charge to which no exceptions were taken, denied a new trial, and entered judgment.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Assignments relied on are that the court erred in permitting plaintiff to testify that, if timbers had been furnished in accordance with his demand, he could have propped the rock so that it would not have fallen; that the court erred in letting the case go to the jury, and in denying a new trial; and that the Illinois statute, as construed by the Supreme Court of Illinois to exclude the defenses of contributory negligence, assumed risk and fellow servant, is in contravention of the fourteenth amendment of the federal Constitution.

[1, 2] Liability for failure to supply timbers attaches only when the failure is the proximate cause of the injury. On this issue it was plaintiff's right, not only to depict before the jury the room's physical condition, from which the jury might judge of the possibility and propriety of using timbers to support the dangerous rock in the roof, but also to offer the testimony of himself and others, as experts, that the use of timbers was the proper method under the circumstances as they existed. Western Co. v. Beaver, 192 Ill. 333, 61 N. E. 335; Donk Bros. Co. v. Stroff, 200 Ill. 483, 66 N. E. 29; Henrietta Co. v. Campbell, 211 Ill. 216, 71 N. E. 863; Kellyville Coal Co. v. Strine, 217 Ill. 516, 75 N. E. 375.

[3] That timbers were not supplied to plaintiff was agreed. That plaintiff had made the proper demand, or any demand, was denied by defendant. It is undisputed that at defendant's mine a custom prevailed by which a miner was required to deposit a written demand in a box provided by defendant for that purpose. Of such a custom, and its effect under the statute, the Appellate Court said in Vindas v. Dering Coal Co., 145 Ill. App. 528:

"Where a general custom or usage exists in a mine that timber orders shall be signed by the miner and placed in a box provided for that purpose by the mine operator, the signing of such order by a miner and depositing the same in such box constitutes in law a demand for timbers upon the mine manager and the mine operator, and a failure to comply with such demand when so made constitutes a willful failure by the mine operator within the meaning of the statute. * * * To hold otherwise would result in enabling a mine operator to adopt a method in that regard whereby he might evade the responsibilty and liability imposed upon him by the statute."

So the issue of fact to be sustained by plaintiff was that he had duly deposited a proper demand in the box. If the jury believed the testimony of plaintiff and three other witnesses they were warranted in finding that issue in plaintiff's favor. Defendant's real contention is that on the whole the evidence preponderates on its side; for, after reviewing the evidence at great length, counsel conclude:

"Instead of plaintiff having a preponderance of the evidence on the question of his having demanded props and timbers on either February 2d or February 3d—and these are the only two dates he claims to have requested them for this working place—it seems to us the overwhelming preponderance of the evidence is with the defendant."

[4, 5] Opposing counsel as strenuously contend that the preponderance is with plaintiff. Defendant misconceives the functions of this court. We are precluded from reviewing the evidence to settle such a debate, and likewise from noticing the court's alleged error in refusing a new trial.

Objections to the act as construed by the Supreme Court of Illinois are sufficiently answered by reference to Wilmington Mining Co. v. Fulton, 205 U. S. 60, 27 Sup. Ct. 412, 51 L. Ed. 708, and Fulton v. Wilmington Mining Co., 133 Fed. 193, 66 C. C. A. 247, 68 L. R. A. 168.

Judgment affirmed.