### CANADIAN NORTHERN RY. CO. v. AKRE.

(Circuit Court of Appeals, Eighth Circuit. November 15, 1912.)

#### No. 3,748.

1. COURTS (§ 406*)—REVIEW OF EVIDENCE.

Where there is sufficient evidence to support a verdict for plaintiff, the Circuit Court of Appeals on a writ of error cannot weigh conflicting accounts of witnesses, and determine the case by what the court might conceive to be the weight or preponderance of the evidence.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 1103; Dec. Dig. § 406.*]

2. RAILROADS (§ 481*)—FIRES—OTHER FIRES.

Where, in an action for damages by fire alleged to have been negligently set out by a railroad company, there was evidence that the spark-arresting devices of all defendant's engines were of standard make and similarly constructed, but no identification of the particular engine claimed to have set the fire in question, other than that it was attached to a certain train, evidence that, within three or four months prior to the fire, other engines of defendant had set fires in the same vicinity, was admissible.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1717–1729; Dec. Dig. § 481.*]

In Error to the Circuit Court of the United States for the District of Minnesota; Charles F. Amidon, Judge.

Action by Martin O. Akre against the Canadian Northern Railway Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Hector Baxter, of Minneapolis, Minn., J. L. Washburn, W. D. Bailey, and Oscar Mitchell, all of Duluth, Minn., for plaintiff in error.

Charles Loring, of Crookston, Minn. (Albert Chilgren, of Williams, Minn., on the brief), for defendant in error.

Before SANBORN and HOOK, Circuit Judges.

HOOK, Circuit Judge. Akre recovered a judgment against the railway company for damages by fire claimed to have been started

by sparks from a locomotive engine. A statute of Minnesota, where the fire occurred and the action was brought, eliminates negligence as a factor in such a case, and makes the liability of the company depend solely upon the question whether the fire was started by its engine. The company says on this writ of error that the evidence was insufficient to support the verdict, and that evidence was erroneously received at the trial.

[1] Two questions are involved in the first contention: (1) Did the fire which Akre pointed out as the cause start from an engine of the company? (2) If so, did it proceed to his distant premises as he claims, or, as the company claims, was it overrun in its progress and swallowed up by a larger fire, for which, it was conceded, the company was not responsible? There is no useful end to a detailed recital of the evidence. We think it quite plain that there was enough of it, direct and substantial, to support the finding of the jury on both questions. This being so, we cannot weigh conflicting accounts of the witnesses, and determine the case by what we might conceive to be the weight or preponderance.

[2] Evidence was admitted on behalf of Akre, over objection, to show that within the three or four months before the fire in question other engines of the company had set fires in the same vicinity. It may be observed, if important, that at this time there had been no identification of the particular engine which it was claimed set the fire, other than that it was attached to a certain train. There had, however, been proof that the spark-arresting devices on all the engines were of standard make and similarly constructed. Presumptively the devices were in good order, and the evidence complained of tended to show that, notwithstanding the adoption of such precautions, fires could be communicated by the engines of the company during that dry season of the year. If so, it supported the more direct testimony of the witnesses as to the origin of the fire in question. It also anticipated the company's evidence on that question. We think the evidence admissible. 1 Wigmore on Evidence, § 455. See Grand Trunk Ry. Co. v. Richardson, 91 U. S. 454, 23 L. Ed. 356. Lesser Cotton Co. v. Railway, 52 C. C. A. 95, 114 Fed. 133, is not in point. There the question was one of negligence, and it was sought to prove a specific charge of that kind by evidence of other unconnected acts of negligence at other times.

The judgment is affirmed.