CHARLES TOMASI, Defendant in Error, *vs.* DONK BROS. COAL AND COKE COMPANY, Plaintiff in Error.

*Opinion filed December 17, 1912.*

1. MINES—*when contributory negligence by a miner does not defeat his recovery of damages.* Contributory negligence on the part of a coal miner while at work in a mine does not defeat his recovery of damages where his injury is caused by willful disregard of the provisions of the Mines and Miners act, either by an act of omission or commission, on the part of the owner or operator of the mine.

2. SAME—*when question of proximate cause of injury is for the jury.* Whether the act of a coal miner in wrongfully and unlawfully firing a shot almost simultaneously with another shot in the same room was the proximate cause of his injury, or whether the injury resulted from the mine owner's willful disregard of the

Mines and Miners act in failing to see that a certain cross-cut afforded the miner an unobstructed means of escape from the room, is a question for the jury, where the evidence shows that the other shot exploded first and did not injure him or add to the force of his own shot, the effect of which caused his injury while he was attempting to escape through the obstructed cross-cut.

3. PLEADING—*allegation that the plaintiff suffered "pain and anguish" includes mental suffering from his injury.* An allegation that the plaintiff, as the result of his injury, suffered "much pain and anguish," is broad enough to include a recovery of damages for such mental suffering as was necessarily connected with and resulted from his physical injury.

WRIT OF ERROR to the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Madison county; the Hon. LOUIS BERNREUTER, Judge, presiding.

WISE, KEEFE & WHEELER, (MASTIN & SHERLOCK, of counsel,) for plaintiff in error.

TERRY & GUELTIG, for defendant in error.

Mr. JUSTICE VICKERS delivered the opinion of the court:

Charles Tomasi brought suit for injuries received by him while working in a coal mine operated by plaintiff in error and recovered a judgment for $1272.33. The Appellate Court for the Fourth District affirmed the judgment below, and the record has been removed to this court by *certiorari.*

The declaration, consisting of eight counts, charged, in different form of words, the willful failure of plaintiff in error to have its mine examiner inspect the working places in said mine and to observe whether there were any recent falls or obstructions, and to place a conspicuous mark thereat as notice to the men to keep out. It is charged that defendant in error, while endeavoring to pass through a cross-cut to a place of safety from a shot that had been lighted in room No. 3, came in contact with obstructions

in the roadway which interfered with and prevented him from getting to a place of safety before the explosion occurred, and as a result the flying particles from the explosion were thrown against him, putting out his left eye and otherwise injuring him, whereby, it is alleged, he became sick, sore, lame and disordered and suffered "much pain and anguish" on account of said injuries.

The facts, which are not in controversy, are as follows: On the day of the accident the defendant in error's working place was room No. 3 off of No. 2 stub-entry. The adjacent room was No. 4. A cross-cut back some twenty or thirty feet from the face of the coal connected these rooms. In this cross-cut were bent timbers, fallen slate, rock, and other substances which impeded the passage of men through it. The defendant in error and his buddy, Dominick Contratto, both of whom worked in room No. 3, had shots prepared for firing at the close of their day's work. These shots were being fired with squibs and not with fuses. Contratto and defendant in error lighted their shots practically at the same moment, Contratto's shot being lighted only a second or two before defendant in error lighted his. When Contratto lighted his shot he ran down the entry to a place of safety. Defendant in error then lighted his shot and attempted to seek a place of safety by turning through the cross-cut between rooms Nos. 3 and 4. His passage through this cross-cut was interfered with by pieces of coal and slate that had fallen from the roof and by the timbers which had been set therein and bent by the weight of the roof thereon. He stumbled and fell over these obstructions and his miner's lamp on his cap went out. While he was struggling to regain his footing Contratto's shot exploded. This shot did not injure the defendant in error, but almost immediately thereafter, while he was still trying to regain his footing, his shot exploded and threw coal against the left side of his face, inflicting the injuries complained of.

Plaintiff in error in its printed brief, and also in the oral argument, urges only two grounds upon which a reversal is asked.

*First*—It is conceded by plaintiff in error that the evidence shows a violation of the statute in failing to examine the cross-cut in question and to observe whether there had been any recent falls and in failing to remove the same or otherwise protect the men from dangers arising therefrom, but it is earnestly insisted that the proximate cause of the injury was the unlawful firing of defendant in error's shot. The Mining act provides that not more than one shot shall be ignited at the same time in any one working place, unless the firing is done by electricity or by fuses of such length that the interval between the explosion of any two shots shall not be less than one minute. Plaintiff in error contends that this statute was violated by the firing of the two shots simultaneously, or nearly so. The only unlawful element in connection with the firing of these shots was with reference to the time when they were exploded. Contratto's shot had exploded but did not injure the defendant in error. He was injured by missiles thrown by his own shot because he was unable, by reason of the obstructions, to get to a place of safety before the shot exploded. The fact that Contratto's shot had exploded only a second or two before, neither increased nor diminished the force of defendant in error's shot. If his had been the only shot fired we cannot see that the result would have been any different, or if defendant in error had waited several minutes after Contratto's shot exploded and then lighted his and attempted to make his escape through the obstructed cross-cut the result might well have been the same. Conceding that defendant in error wrongfully and unlawfully fired his shot, whether such act on his part was the proximate cause of the injury, or whether it resulted from plaintiff in error's violation of the statute, as charged in the declaration, were questions of fact to be

determined by the jury. (*Henrietta Coal Co.* v. *Martin,* 221 Ill. 460; *Mertens* v. *Southern Coal Co.* 235 id. 540.) Plaintiff in error at the trial so treated the question now under consideration, and secured an instruction from the court telling the jury that if they found that the manner in which the shots were fired was the real, proximate and efficient cause of plaintiff's injury and not the condition of the cross-cut, then the jury should find the defendant not guilty. The jury has found that the injury complained of resulted from the willful violation of the statute, and that finding has been approved by the Appellate Court, and we have no power, under the law, to review that question. Conceding, for the sake of argument, that defendant in error fired his shot contrary to the provisions of the statute and that such unlawful firing was one of the contributing causes of his injury, still we do not see how it can be said that plaintiff in error is not liable, unless it be held that contributory negligence is a defense to actions under this statute. This court has held in many cases that contributory negligence on the part of the miner while at work in a mine will not defeat a right of recovery where he is injured by willful disregard of the provisions of the Mine and Mining act, either by an act of omission or commission on the part of the owner or operator of the mine. *Spring Valley Coal Co.* v. *Patting,* 210 Ill. 342; *Mertens* v. *Southern Coal Co. supra.*

*Second*—Plaintiff in error contends that the court erred in giving instruction No. 5. That instruction, among other things, advised the jury that they might consider whether or not defendant in error has been permanently injured, and to what extent, if any, he may have endured "physical and mental suffering as a natural and inevitable result of such injury." The only objection to this instruction is, that the averment in the declaration that defendant in error suffered "pain and anguish" as a result of his injuries is not sufficiently explicit to warrant a recovery for mental

suffering. The contention here is not in respect to the rule of law applicable to the recovery of damages for mental suffering. The precise point plaintiff in error makes is, that the declaration does not, in terms, claim damages for mental suffering. We cannot assent to this view. The averment that the defendant in error suffered "pain and anguish" as a result of his injuries is broad enough to include both physical and mental suffering. No practical benefit to plaintiff in error would be secured by averring that defendant in error suffered in body and mind as a result of his injuries. One of the definitions given by Webster of the word "anguish" is "pain of mind." In *Indianapolis and St. Louis Railroad Co.* v. *Stables,* 62 Ill. 313, this court, in commenting on an instruction containing the phrase, "pain and anguish of mind consequent on such injury," on page 320 used the following language: "In fact, we cannot readily understand how there can be pain without mental suffering. It is a mental emotion arising from a physical injury. It is the mind that either feels or takes cognizance of physical pain, and hence there is mental anguish or suffering inseparable from bodily injury, unless the mind is overpowered and consciousness is destroyed. The mental anguish which would not be proper to be considered is where it is not connected with the bodily injury but was caused by some mental conception not arising from the physical injury." In our opinion the averments of the declaration were sufficient to warrant a recovery for such mental suffering as was necessarily connected with and resulted from the physical injury. It is not suggested that this instruction would authorize the jury to consider and allow damages for any mere sentimental or emotional suffering wholly disconnected from the personal injury.

The judgment of the Appellate Court for the Fourth District is affirmed.          *Judgment affirmed.*