AMERICAN MFG. CO. v. MASLANKA.

(Circuit Court of Appeals, Second Circuit. February 10, 1913.)

No. 175.

1. MASTER AND SERVANT (§ 153*)—INJURIES TO SERVANT—DUTY TO WARN.
    Where defendant operated a dangerous machine in its factory, used to tear old bagging and rope into shreds, and plaintiff, an inexperienced employé, was ordered to take the material from the machine with his hands, without warning or instructions as to the danger involved, and was injured by having his hand drawn into the machine, defendant was negligent in failing to warn.
    [Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 314–317; Dec. Dig. § 153.*]

2. APPEAL AND ERROR (§ 1002*)—REVIEW—VERDICT—CONFLICTING EVIDENCE.
    A verdict based on conflicting evidence will not be set aside on writ of error, as against the weight of evidence on an issue properly submitted to the jury.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3935–3937; Dec. Dig. § 1002.*]

In Error to the Circuit Court of the United States for the Eastern District of New York; Thomas I. Chatfield, Judge.

Action by Joseph Maslanka against the American Manufacturing Company to recover for personal injuries sustained by plaintiff while employed in defendant's factory. From a judgment for plaintiff, defendant brings error. Affirmed.

T. F. Magner, of Brooklyn, N. Y., for plaintiff in error.
A. J. Ernest, of New York City, for defendant in error.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

LACOMBE, Circuit Judge. The machine at which plaintiff was working was known as a picker. It was used to tear old bagging and rope into shreds. At one end of it was·a movable apron, made of pieces of wood, on which the material to be operated on was fed forward to a set of fluted rollers. These seized the material and passed it inside of the machine, presenting it to a spiked cylinder. The spikes on this cylinder tore off the stuff presented by the rollers, shredding it to a proper size. This spiked cylinder made 450 revolutions a minute, and pitched the material torn off against a brick wall to the rear of the machine about 8 feet away. The space between the cylinder and the wall was inclosed in a box; the back and top being wood, and one side being the brick wall, against which the material was thrown. The

side of this box towards the workroom was open, except that it was covered with an apron of burlap fastened on the top and both sides, but split in the middle for the purpose of permitting the worker to take the shredded material out of the box. All of the spiked cylinder, except about 18 inches towards the rear, where the shredded material was thrown back into the large box, was covered by an iron plate. While the plaintiff was engaged in removing material from this box, his left hand came so near to the revolving cylinder that it was caught on the spikes, or encountered some reverse draught which drew it towards the spikes, or was caught in some bit of shredded stuff which had failed to dislodge itself from the spikes and was thus carried upward beyond the point of discharge. The left hand was cut off.

There was some testimony as to the box being overloaded with material, and as to the effect of such overloading; also as to removal of the material with a pitchfork instead of the hand. In the view we take of the case, it seems unnecessary to refer to any other charges of negligence than the one hereinafter discussed. There was abundant evidence to show that this machine, with its spiked cylinder revolving at a very high rate of speed, and approachable despite its iron protecting plate, from the side where workmen removed the material, was of such a character that a person of reasonable prudence would not have set an ignorant man to work at it, without explaining its structure and mode of operation, and giving some warning as to the risk involved in getting too close to it. The complaint alleged that defendant failed to give plaintiff any instructions as to the proper methods of doing the work, and failed to instruct him as to the dangers to be encountered in the removal of the material.

[1] The court left it to the jury to say whether defendant did all that it should have done in making the man understand what the danger was, and that, if plaintiff satisfied them that defendant did not do that, then he could recover unless he were himself negligent. Indeed, although the court referred to some of the other propositions which had been discussed, the only charge of negligence which he sent to them to pass upon was whether defendant set a green hand to work at a dangerous machine, without giving him such information and instructions as a reasonably prudent man would have given under the circumstances. Plaintiff testified that all his prior work had been with a truck on the dock; that this was the first time he was ever put to work at a picker, and that he had worked at it only 15 minutes when the accident happened; that he was not instructed about the machine, or warned of any danger, and that the only instruction he got was to "go there and take the stuff out with your hands." His knowledge of our language was so imperfect that he had to be examined through an interpreter.

[2] It is true that his cross-examination disclosed a familiarity with the machine and its operation which could not possibly have been acquired by such an ignorant man in 15 minutes; but he may have learned about the machine afterwards. It is also true that several witnesses, some of them fixing dates by workmen's time cards and similar documents, testified that plaintiff had worked at a duplicate

of this machine in an adjoining room almost daily for six months before the accident. But if the jury believed the plaintiff and disbelieved the others, as their verdict shows they did, we cannot reverse their finding. There was a sharp conflict of evidence on the precise point, and they are the triers of the fact. If the plaintiff's story were true, he was certainly entitled to a verdict.

In some instances the cross-examination of defendant's witnesses was carried too far, and parts of the charge are open to criticism; but we do not go into these details, because we are not satisfied that there is reversible error shown.

The judgment is affirmed.