## ATLANTIC ICE & COAL CORPORATION v. VAN.

(Circuit Court of Appeals, Sixth Circuit.  November 8, 1921.)

No. 3561.

**1. Appeal and error ⊜⟶1003—Weight of evidence not reviewable.**

A judgment based on the verdict of a jury will not be reversed on the weight of the evidence.

**2. Trial ⊜⟶139 (1)—Direction of verdict authorized only when evidence would not sustain opposite verdict.**

A court has no authority to direct a verdict where a consideration of all the evidence and the inferences reasonably and justifiably to be drawn therefrom would sustain a verdict for the opposing party.

**3. Master and servant ⊜⟶235 (4)—Constant lookout not required of employé.**

While an employé has no right to close his eyes to an obvious danger or to fail to exercise reasonable care for his own safety, there is no absolute rule of law requiring him to be constantly on the lookout for dangerous obstructions, of which he has no knowledge at his working place or in passage ways provided by the employer for his use.

**4. Master and servant ⊜⟶226 (1)—Risk of unknown obstruction in way not assumed.**

The assumption by an employé of the risks of his employment does not include risks or dangers arising from the negligence of his employer in the erection and maintenance of an obstruction in a passageway provided for the use of the employé of which he has no knowledge, unless it is so obvious that he is chargeable with knowledge of it.

In Error to the District Court of the United States for the Eastern District of Tennessee; Edward T. Sanford, Judge.

Action at law by Sam Van against the Atlantic Ice & Coal Corporation.  Judgment for plaintiff, and defendant brings error.  Affirmed.

The plaintiff in error seeks the reversal of a judgment rendered against it in the District Court of the United States for the Eastern District of Tennessee in favor of the defendant in error, Sam Van, for damages for personal injuries sustained by him while in its employ.

The plaintiff in the District Court averred in his declaration that on the 30th day of May, 1917, the defendant was operating an ice factory in the city of Knoxville, Tenn.; that plaintiff at that time and for five or six days prior thereto had been employed by the defendant in loading ice upon its wagons and trucks and assisting in the distribution of the same to defendant's customers; that defendant's office was located near the east corner of its premises, and near and in front of the building in which its ice was stored; that a porch was in front of this office and between it and Cumberland avenue, and that its factory buildings extended a few feet beyond this porch toward Cumberland avenue; that a short flight of steps led from this porch to the ground; that the usual way of going into and from this office was through a door between the office and porch and over the porch and flight of steps, and that such way was continually used by defendant's employés and those going to its office on business; that defendant had fastened a rod to the corner of its factory building and had extended the same in front of and to a point about midway of the steps, the end thereof being fastened in the ground within from one to two feet of the bottom step.

The plaintiff further averred that the defendant was guilty of gross negligence and carelessness in maintaining this rod so situated at a place that was being continually used by employés of defendant and those entering its office and departing therefrom on business, and that the plaintiff was not aware

⊜⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

of the presence of this rod: that on the 30th day of May about half past 3 o'clock in the afternoon, and after plaintiff had completed his work for that day, he was ordered and directed by a superior servant to accompany another truck loaded with ice and assist in delivering the same to customers; that this was pay day, and before leaving the defendant's factory to comply with the orders of his superior he went into defendant's office to receive his pay; that after having obtained his pay he passed out of the door of the office across the porch and descended the flight of steps; that another employé had been directed to accompany plaintiff on this extra trip, and, for the reason that this coemployé was waiting to receive his wages, it was plaintiff's intention when he left the office to notify the driver of the truck, as it passed in front of the steps, that he and his coemployé would pass across a bridge and meet him on Cumberland avenue; that about the time plaintiff reached the bottom of the steps the truck was driven by the employé in charge of the same, rapidly around the end of the building, and, his attention being thus attracted, in making a step he caught his foot beneath the rod located near the bottom of the steps and was thrown upon the ground in front of the truck, which was then so near to him that the driver was unable to stop, and the truck was driven upon the plaintiff causing the injuries complained of. To this declaration the defendant for plea thereto averred that it was not guilty of the matters and things and wrongs and injuries complained of.

Upon the issues so joined the case was tried four times in the District Court. The first trial resulted in a verdict in favor of the plaintiff for $2,095.25. This verdict was set aside by the trial court. The second trial resulted in a disagreement of the jury. The third trial resulted in a verdict for the defendant, which was set aside by the trial court. The fourth and last trial resulted in a verdict in favor of the plaintiff for $1,000. The defendant's motion for a new trial was overruled, and the District Court entered a judgment upon this verdict in favor of the plaintiff and against the defendant.

John W. Green, of Knoxville, Tenn. (Green, Webb & Tate, of Knoxville, Tenn., on the brief), for plaintiff in error.

Harley G. Fowler, of Knoxville, Tenn. (Fowler & Fowler, of Knoxville, Tenn., on the brief), for defendant in error.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

DONAHUE, Circuit Judge (after stating the facts as above). [1] This court has no authority to reverse this judgment upon the weight of the evidence. R. S. § 1011 (Comp. St. § 1672). Penna. Casualty Co. v. Whiteway et al., 210 Fed. 782, 127 C. C. A. 332; Brazil Block Coal Co. v. Hotel, 192 Fed. 108, 112 C. C. A. 448; Railway Co. v. Akre, 200 Fed. 955, 119 C. C. A. 250; Mfg. Co. v. Maslanka, 203 Fed. 465, 121 C. C. A. 589.

No exceptions were taken to the charge of the court or to its ruling upon the admission or rejection of evidence; therefore the only question presented by this record is whether or not the court erred in overruling the motion of the defendant, at the close of all the evidence, for a directed verdict.

[2] A court has no authority to direct a verdict, where a consideration of all the evidence, and the inferences reasonably and justifiably to be drawn therefrom would sustain a verdict for the opposing party. Bramley v. Dilworth (C. C. A.) 274 Fed. 267; Railway Co. v. Lacey, 185 Fed. 225, 107 C. C. A. 331; Railway Co. v. Anderson, 168 Fed. 901, 94 C. C. A. 241.

If the evidence is such that reasonable minds may arrive at different conclusions, then it is the duty of the trial court to submit the issues of fact to a jury. That reasonable minds may reach different conclusions upon the evidence offered in this case is fully shown by its history. Two juries have found in favor of the plaintiff, one jury found for the defendant, and still another jury failed to agree upon a verdict. One verdict in favor of the plaintiff and one verdict in favor of the defendant were set aside by the trial court. The court, however, refused to set aside the second verdict in favor of the plaintiff and rendered judgment thereon and in that connection said:

"There was in my opinion such substantial evidence on behalf of the plaintiff as to require the defendant's motion for a directed verdict to be overruled."

Upon the question of defendant's negligence, the plaintiff offered substantial evidence tending to prove that defendant placed and maintained a rod reaching from the wall of the factory building to the middle of these steps and directly in front of them; that these steps were provided for and intended as a passageway for defendant's employés. It is true that upon these questions there is a serious conflict of evidence, but this conflict affects only the weight of the evidence.

While the burden of proof rests upon the plaintiff to show negligence on the part of the defendant, nevertheless the question of the credibility of witnesses is a question for the jury. If the jury believed the witnesses offered by the plaintiff, as it evidently did, then the plaintiff fully met this burden, and the verdict of the jury, which necessarily includes a finding by it that the defendant erected and maintained this obstruction substantially in manner and form as averred in the declaration, and that under the facts and circumstances of this case this constituted negligence on the part of the defendant, is fully sustained by the evidence.

The presumption obtains that the plaintiff was exercising due care for his own safety. Therefore the defense of contributory negligence must fail unless the jury find from a preponderance of all the evidence that the plaintiff was guilty of negligence contributing to his own injury.

[3] While it was the duty of the defendant to use ordinary care in providing a reasonably safe working place and passageways for its employés, nevertheless, even though the defendant were guilty of negligence in this respect, plaintiff would have no right to close his eyes to an obvious danger, or fail to exercise reasonable care and caution for his own safety. There is, however, no absolute rule of law requiring an employé to be constantly on the lookout for dangerous obstructions, of which he has no knowledge, at his working place or in passageways provided by his employer for his use. It is sufficient if he exercises such ordinary care as a person of ordinary prudence and caution would exercise under the same or similar circumstances.

In this respect the plaintiff testified that he had no knowledge of this obstruction, that he might have seen it had he been looking downward, but that his attention was momentarily diverted from the steps by his effort to attract the attention of the driver of the truck. It there-

fore became a question for the jury whether, under these facts and circumstances, the plaintiff was exercising due care or by his own negligence in failing to keep a constant lookout for dangerous obstructions in this passageway contributed to his injury, notwithstanding the defendant may have been guilty of negligence in placing and maintaining this obstruction in front of a portion of these steps.

[4] While it is the law that an employé assumes the risks incident to his employment—that is to say, risks that inhere in the employment itself and which cannot be obviated or avoided by ordinary care on the part of the employer—yet this assumption of risk does not embrace risks or dangers arising from the negligence of an employer in the erection and maintenance of an obstruction of the character described in plaintiff's petition. Therefore, unless the plaintiff had knowledge or ought to have had knowledge of this obstruction, he did not by his contract of employment or by remaining in this employment assume the risk of injury from the obstruction itself, but only the risks naturally and necessarily incident to the business in which he was engaged. The plaintiff testified that he had no knowledge whatever of this obstruction, nevertheless, if it were so obvious that a reasonably careful man, under the same circumstances and with the same opportunities, would have seen and observed it, then the plaintiff cannot be heard to say that he did not see what he must have seen had he been exercising due care for his own safety. On the contrary, he must be held to have assumed the risk of the existing conditions in and about the place in which he seeks and accepts employment, if he had knowledge, or in the exercise of ordinary care should have had knowledge, of these conditions. Shannon v. Willard, 201 Mass. 377, 87 N. E. 610.

The plaintiff had been in the employ of the defendant for a part of the summer of 1916. He had again entered into the employ of the defendant a few days prior to the date of his injury. He testified that during his last employment he had had no occasion to use these steps prior to the time of his injury. He also testified that he passed these steps while riding on the ice truck at least twice a day; that he was not riding on the driver's seat, but usually on the rear end of the truck, and therefore had no opportunity to observe the steps as the truck approached them. It was therefore a question for the jury to determine from all the facts and circumstances in this case whether the defendant had knowledge, or in the exercise of ordinary care, should have had knowledge, of the obstruction placed and maintained by defendant in front of these steps.

The charge of the court is not copied into this record. The presumption obtains that the court fully and fairly charged the jury upon assumption of risk by an employé, and the conditions and circumstances under which the plaintiff would be held, as a matter of law, to have assumed such risk. This presumption is strengthened by the fact that no exception was taken to the charge.

There can be little or no controversy as to the propositions of law involved in this case or as to the application of that law to the facts necessarily found by this jury, preliminary and essential to a general

verdict in favor of plaintiff. While upon the facts the case is a close one, nevertheless there is sufficient evidence in this record to sustain the verdict of the jury upon every issue of fact submitted to it and vital to a recovery by the plaintiff.

For the reasons above stated, the judgment of the District Court is affirmed.