## Marcus Belden

*v.*

## John R. Innis.

1. New trial—*duty of circuit judge in relation thereto.* It is the duty of every circuit judge to give careful attention to every part of the testimony in each case, and to consider it with as much care as if he were trying the case without a jury, and in all cases where the verdict is manifestly and palpably against the weight of the evidence, he should promptly set it aside.

2. Same—*verdict against the evidence.* Where the only evidence to sustain a verdict in favor of a plaintiff is his own testimony, and his statements, on cross-examination, are so equivocal as to leave the mind in doubt as to the truth of his direct evidence, and his testimony is positively contradicted by that of the defendant, who answers clearly upon cross-examination, and who is corroborated in the main points of his testimony by four other witnesses, a verdict in favor of the plaintiff should be set aside by the circuit court, and it is error to refuse to do so.

Appeal from the Circuit Court of Knox county; the Hon. Arthur A. Smith, Judge, presiding.

Messrs. Miller & Frost, and Mr. J. J. Tunnicliff, for the appellant.

Messrs. Douglass & Harvey, for the appellee.

Mr. Justice Dickey delivered the opinion of the Court:

This was an action of assumpsit, brought by Innis, against Belden.

Belden had the use of a warehouse belonging to the railroad company, and Innis claims that, in January, 1872, he sold to Belden some 900 bushels of corn then stored in the warehouse, for which he was to be paid the market price of corn, on any given day during the then coming summer. to be designated by plaintiff before or at the day thus selected; and that in the subsequent summer the price of corn on a certain day in June was 35 cents per bushel; and on that day he demanded payment.

The warehouse and contents were burned, in February, 1872, and the corn destroyed. Judgment below was for the plain-

. tiff. Appellant, to reverse this judgment, relies chiefly upon the position that the circuit court erred in overruling the motion for a new trial.

We think this position is well taken. The unsupported testimony of the plaintiff below constitutes the only foundation for the verdict. On cross-examination, his statements are so equivocal as to leave the mind in great doubt (considering his testimony alone), as to whether there was or not any sale whatever of the corn.

This is positively contradicted by the testimony of the defendant, who answers clearly upon cross-examination. The defendant is corroborated, in the main points, by the testimony of four other witnesses. It seems clear, no such conclusion as that expressed in the verdict could be the result of merely the impartial weighing of the evidence by the jury. Manifestly, this verdict ought to have been set aside by the circuit court, and for the error in refusing to do so, the judgment must be reversed, and the cause remanded for a new trial.

Under our statute, requiring this court to review decisions of circuit courts refusing new trials, a vicious practice has grown up in some of the circuits of refusing, without due consideration, applications for new trials, and this upon the ground that the Supreme Court will correct it if not right.

It is the duty of every judge of the circuit court to give careful attention to every part of the testimony in each case, and to consider it with as much care as if the case were tried by the court without a jury. And in all cases where the verdict is manifestly and palpably against the weight of the evidence, the judge of the circuit court should promptly take the responsibility of setting aside the verdict, without subjecting the parties to the delay and expense of an unnecessary hearing of such questions in this court. If circuit judges would all do their duty faithfully in this class of cases, it would reduce the overwhelming amount of labor now imposed upon this court.

*Judgment reversed.*

Mr. Justice Craig, having been of counsel for appellee in the circuit court, took no part in the consideration or decision of this cause.

---

84 80
25a 514

84 80
135 548

84 80
138 314

84 80
153 554

84 80
50a 44