## Snodgrass v. Nelson.

1. *Receipt—Presumption as to Signature.*—The law presumes that a receipt, regularly executed, etc., as it appears when produced by the party claiming its benefit, was signed by the party sought to be charged; but where the integrity of its statement or the genuineness of the signature is the question, in a civil action, it may be determined, like other ques-

tions of fact, upon a preponderance of the evidence, though the proof, which is the effect of the evidence, is not clear nor unmistakable.

2. *Questions of Fact.*—Where the evidence is conflicting, etc., this court will defer to the judgment of the chancellor, formed under better conditions, etc.

Memorandum.—Vendor's lien. Appeal from the Circuit Court of Schuyler County; the Hon. WILLIAM MARSH, Circuit Judge, presiding. Heard in this court at the November term, A. D. 1891, and affirmed. Opinion filed October 24, 1892.

### APPELLANT'S STATEMENT OF THE CASE.

This is a chancery suit commenced by Nelson, the appellee, to enforce a vendor's lien upon real estate sold by him to appellant, Snodgrass. The sale was made October 7, 1890, and the evidence tends to show, on the part of appellee, that it was a cash sale, and that the deed was to be left with one J. N. Rigg, to be held until Snodgrass should pay the whole consideration, $4,000. On the day of the sale appellant paid $1,000, and on October 14, 1890, he paid $2,600—leaving $400 due and unpaid, and which is sought to be recovered in this proceeding. It was claimed that Snodgrass prevailed on Rigg to let him have the deed to have it examined, and then placed it on record and borrowed $2,700 by mortgage on the land. Snodgrass filed an answer denying the allegations of the bill alleging indebtedness, and that he unwarrantably got possession of the deed and retained the same; also alleging that he got possession of the deed pursuant to the contract, and fully paid all the purchase money before the commencement of the suit. The evidence on the part of the appellant tends to prove payment, and also to impeach the general reputation of Nelson for truth and veracity. Snodgrass also exhibited a receipt in full, signed by Nelson, for all the contract price, but Nelson claimed that the words "in full" were not in the receipt when he signed it, but were interpolated afterward.

The decree was in favor of Nelson. The only question in the case is whether or not the $400 has been paid.

Receipt read in evidence.

" Memorandum:—Received of J. C. Snodgrass, twenty-six

hundred dollars in full payment on farm this 14th day of October, 1890. E. D. Nelson."

W. L. VANDEVENTER and S. B. MONTGOMERY, solicitors for appellant.

E. J. PEMBERTON and WM. PRENTISS, solicitors for appellee.

OPINION OF THE COURT, *the Hon. George W. Pleasants, Judge.*

This was a bill filed by appellee to enforce a vendor's lien for a balance of $400, claimed to be due and unpaid on the sale of a farm to appellant. The answer set up payment, on which issue was joined by replication.

Upon this issue, the burden of proof was on the defendant. He testified that he paid the $400 in question to complainant in currency, on the highway, when nobody else was present, without taking any receipt for it at the time. Complainant as positively denied the alleged payment. Other witnesses were introduced by each party to prove circumstances in corroboration of his statement, and some by defendant to impeach the complainant's general reputation for truth. Excepting a certain receipt given at the time and for the amount of a payment which defendant admitted was made after the one in dispute, and which purported, when offered in evidence, to be " in full," but which complainant testified did not so appear when he signed it, all of the evidence taken was oral, affording the chancellor a great advantage over us in means of determining the degree of credit due to the witnesses. He found the issue for the complainant and entered a decree accordingly, which defendant here seeks to reverse, as being against the evidence.

The record presents the single question of the preponderance of the evidence as to the simple fact of the particular payment so alleged and denied. After careful consideration of it, and of the earnest argument for appellant, we are not

satisfied that the chancellor erred in his finding. It would be unprofitable to discuss the case at length. A statement of our general views must suffice.

The alleged fact in dispute is one simple and isolated. There are no antecedent or subsequent facts more directly tending to prove it than alleged admissions of appellee. No one but the parties is claimed to have witnessed it or any part of it, and no other has absolute or actual knowledge of the truth or untruth of the allegation. We understand that in this respect it differs from the cases of Booth v. Hynes, 54 Ill. 363, and Belden v. Junis, 84 Ill. 78.

Of the alleged admissions, the one which seems to be regarded by counsel as most strongly supporting the appellant, is the receipt. In our judgment, it rather discredits him. What the Supreme Court said of the weight of a written receipt as evidence, and the necessity of clear and unmistakable proof to do away with its force, in Winchester v. Grosvenor, 44 Ill. 425, and other cases cited, is the rule where the genuineness and integrity of the instrument is unimpeached and the only question is as to its truth according to its plain import. It assumes that the receipt, as it appears when produced, was signed by the party sought to be charged. But where the integrity of its statement or the genuineness of the signature is the question, in a civil action, it may be determined, like others, upon a preponderance of the evidence, though the proof, which is the effect of the evidence, is not clear nor unmistakable.

It is true that where a finding against the holder would involve the imputation of a crime, the presumption of innocence should have some consideration as evidence, but not as of the force given it in criminal cases, to be overcome only by proof of guilt beyond a reasonable doubt. In this case, perhaps that presumption is entitled to less weight than it otherwise would be, even in a civil case, from the fact that, without reference to the alleged receipt, a finding against the defendant involved the imputation of the kindred crime of perjury, as to which the presumption of innocence in favor of the complainant, who was involved in like manner, was a full offset. If the evidence was sufficient to

overcome the presumption of his innocence of perjury, it would hardly fail to overcome also that of his innocence of forgery. In reference to the integrity of the receipt, as to the direct fact of payment, it was oath against oath. What, in our judgment, makes the matter of the receipt discredit rather than support him, is that it was claimed on the trial to be apparently, on its face, altered by addition; that it was submitted to the chancellor's inspection, and that with his knowledge of the weight to be given to these presumptions and to the other evidence, he found against appellant. If he had found it unaltered, we apprehend he would have held it conclusive in his favor, and that he was aided in his finding by the inspection.

Of the oral evidence, little need be said. So far as it is claimed to have been corroborative of one or contradictory of the other party, it depended largely upon recollection of the precise language used in verbal statements, and of the times and order of divers alleged occurrences. Accuracy as to such matters is hardly to be expected from the best intention of witnesses. Hence their uncertainty and changes of statement may as well be due to candor and truthfulness as to the opposite traits. The appearance and manner of the witness in such cases is all-important to the determination of their credibility. The chancellor, therefore, could weigh this class of evidence more intelligently and justly than we. So, also, of impeaching evidence. We all know something of that from observation in our own practice, and think an average judge hearing it is better qualified to estimate it rightly than an average jury.

On the other hand there may have been apparently good reason for suspecting the motive of defendant in getting possession of the deed and failing to return it as he did. According to his statement the meeting arranged, for the morning the alleged payment was made, for a full settlement by payment of the balance on the price, $3,000; and when they met, it was said they could "settle right there." Then why pay out, on the highway, all the cash he had, when he needed it in his business, wanted to buy and pay for a cow at the sale to which they were immediately going,

and yet it left $2,600 to be paid in order to affect or com-plete the settlement? And why not take a receipt for the money then paid, if any was then paid, since he was so careful to take one when he paid in checks that could be traced, and in presence of witnesses?

But we forbear further comment on the parol evidence, and defer to the judgment of the chancellor formed under better conditions than ours. It is by no means clear to us that he erred, and his decree will therefore be affirmed.