## August Frick, Appellee, v. Aurora, Elgin & Chicago Railway Company, Appellants.

### Gen. No. 5282.

1.  Verdicts—*duty of judge with respect to excessive.* It is the duty of every judge, in all cases where the verdicts are manifestly and palpably against the weight of the evidence, to promptly take the responsibility of setting aside the verdict, or require a *remittitur,* without subjecting the parties to the delay and expense of an unnecessary hearing of such questions in this court.

2.  Evidence—*what erroneous as tending to arouse sympathy.* In an action for personal injuries the admission of evidence that the plaintiff had a wife and two children is calculated to arouse

sympathy and is ground for reversal, and it is immaterial if such fact is indirectly brought to the knowledge of the jury.

3. EVIDENCE—*when opinion of medical expert incompetent.* Opinions of medical experts are incompetent, who have not treated the plaintiff, which are based to a considerable extent upon subjective symptoms detailed by the plaintiff during their examinations of him made for the purpose of testifying.

4. TRIAL—*when remarks of counsel improper.* An argument of counsel is improper by which he mis-states the law to the jury and deprives the opposing counsel of the benefit of the inference to which he is legally entitled because of the non-production of competent evidence.

5. SPECIAL INTERROGATORIES—*when properly refused.* It is not error for the court to refuse to present to the jury a special interrogatory the answer to which could not control the general verdict.

Action in case for personal injuries. Appeal from the Circuit Court of Kane county; the Hon. DUANE J. CARNES, Judge, presiding. Heard in this court at the October term, 1909. Reversed and remanded.   Opinion filed March 11, 1910.

HOPKINS, PEFFERS & HOPKINS, for appellant.

WALTER E. HEALY, G. R. BEVERLY and B. P. ALSCHULER, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

August Frick brought this suit in case to recover damages for injuries sustained by him on November 26, 1906, while he was a passenger on the electric inter-urban railway of defendant. The declaration contains three counts. The first avers that the defendant "so negligently and improperly operated and managed" its car "that by and through the negligence, unskillfulness and mismanagement of the said defendant" the car was violently thrown from the railway, whereby, etc. The second count avers that the defendant was negligent in that it operated said car at a great and dangerous rate of speed. The third count avers that the defendant negligently permitted cer-

tain incompetent servants to be in control of the car, etc. The jury returned a verdict in favor of plaintiff for $4,980 upon which, after the usual motions, judgment was rendered and the defendant appeals.

The evidence shows that the appellee at the time of the accident was a laborer, fifty-seven years of age, residing at Elgin, but employed at the plant of the Illinois Iron and Bolt Company at Carpentersville, six miles from Elgin. On the morning of the accident he entered a car of appellant at Elgin to be carried as a passenger to Carpentersville. At a curve of the railroad the car going rapidly was by centrifugal force thrown from the trucks and rolled over on its side. The appellee was thrown between the seats and claims to have suffered an impacted fracture of the upper part of the left femur. The appellee claimed in his evidence in chief that he had not been under a doctor's care and had neither taken any medicine or received any prescription during the year prior to the accident. On the cross-examination of appellee it was developed that Dr. Achard had been treating him for rheumatism for four months prior to the accident, the last treatment being on Saturday night preceding the accident which happened on Monday morning. After the accident the appellee got up, hunted for his dinner pail, walked to the back of the car, got out through the door or a window, walked to another street car and from the street car into a waiting room, thence to an ambulance and from the ambulance up nine steps into a hospital. He was examined there and made no complaint about his hip; he walked from the hospital out to a carriage and from the carriage into his house where a physician came to see him for ten days; after that he walked about three quarters of a mile and up twenty-four steps to a doctor's office and then home; he made this trip two or three times a week for several weeks. Although he was examined by a doctor at the hospital and at his house no fracture of any bone was discovered.

Sometime in January, 1907, he was examined by two other doctors at the request of his attorneys for the purpose of determining the nature and extent of his injuries with a view of beginning suit against the appellant. These doctors were both examined as witnesses and had no recollection of discovering any serious injuries. The evidence concerning the fracture was given by Dr. Geyer who examined him under an X-ray and testified that there was an impacted fracture of the neck of the femur. Some other physicians testified to finding a shortening of the limb, which indicated that there might have been a fracture. The physician who examined him with an X-ray did not produce a skiagraph, although appellee testified a picture was taken. The appellant insists that the verdict and judgment are excessive.

The record shows that the trial judge, after the argument of the motion for a new trial, said: "I think the verdict in this case is excessive, but the legislature has made the law and it seems to think that the judge don't know enough. to size up these verdicts, and it has given it to twelve honest men to do that. I think this judgment would have been safer, if there had been a smaller verdict, but I don't think it is my job to change it." He then overruled the motion for a new trial and rendered judgment. We have fully examined the evidence upon the question of damages and concur with him in his remark that the verdict was excessive. The court misconceived its duty in regard to its control over an excessive verdict. To permit a verdict which is clearly and manifestly against the weight of the evidence to stand, upon the supposition that the jury were impartial and honest, is as unjust and injurious to the parties damaged thereby as though it proceeded from passion or prejudice. It is the duty of every judge, in all cases where the verdicts are manifestly and palpably against the weight of the evidence, to promptly take the responsibility of setting aside the verdict, or requiring a *remittitur*, without

subjecting the parties to the delay and expense of an unnecessary hearing of such questions in this court. Donelson v. E. St. L. & S. Ry. Co., 235 Ill. 625; Belden v. Innis, 84 Ill. 78; Goldie v. Werner, 50 Ill. App. 297. Appellee was injured to some extent, and if he has a cause of action he ought to be reasonably compensated, but there is no evidence in the record justifying the damages awarded.

It is assigned for error that improper evidence on the part of appellee was admitted over the objection of appellant. The appellee got before the jury the fact that he had a wife and two children who had taken care of him during his suffering. The proof that he had to be taken care of was proper, but the admission of proof that he had a wife and two children was reversible error and the fact that it was indirectly brought to the knowledge of the jury does not remedy the error. Jones & Adams Co. v. George, 227 Ill. 64; McCarthy v. Spring Valley Coal Co., 232 Ill. 473.

There was also proof by some of the physicians who testified concerning the condition of appellee, that their opinion was based to a considerable extent upon the subjective symptoms as detailed by the appellee during their examination of him for the purpose of testifying. This was erroneous. Chicago Union Trac. Co. v. Giese, 229 Ill. 260; Shaughnessy v. Holt, 236 Ill. 485.

It is also contended that there was error committed in the argument to the jury by counsel for appellee. There was testimony on behalf of appellee that a physician took an X-ray picture of the hip joint. The physician testified to what it showed, without producing the photograph in court. Counsel in argument told the jury that the picture was not competent evidence on the part of appellee, but if counsel for appellant had desired the picture they could have got it on cross-examination. This was objected to, and the court remarked that he saw no cause for interference. The X-ray picture was competent testimony, after a proper

foundation was laid, and the appellant was entitled to the benefit of any inference to be drawn from the failure of the appellee to produce the best evidence that the case was susceptible of. The remarks of appellee's counsel were improper.

It is also insisted that the court erred in refusing to submit the following interrogatory to the jury: ''Was the accident in question and alleged injuries to plaintiff wholly the result of a defective brake that failed to work properly at and immediately before the time of the accident?'' Counsel for appellant say that if the jury had answered the question ''Yes,'' then a general verdict in favor of appellee could not be sustained, because it was not averred that the injuries resulted from a defective brake. We do not think this is tenable for the reason that the declaration averred the injury happened because of running the car at an excessive speed. The evidence shows that the appellant's electric car was equipped with air brakes and ordinary hand brakes. When the car approached the curve the air brakes refused to work. Counsel for appellant in their argument stated: ''It is a well known fact that at times an electric brake momentarily refuses to respond, and in this emergency it cannot fairly be said that the motorman could or should have done anything more than he did do to stop the car.'' If such fact is well known then the car was negligently operated in being permitted to approach a curve, when the rails were wet and slippery, in the early morning, at such a speed that it could not be controlled by the hand brake. It is the duty of carriers of passengers to exercise the highest degree of practical care and diligence that human care and foresight can reasonably do under the circumstances consistently with the character and mode of conveyance adopted and the practical operation of the road. Chicago City Ry. Co. v. Shreve, 226 Ill. 530; Tri City Ry. Co. v. Gould, 217 Ill. 317. If it is such a well-known fact that air brakes frequently refuse to respond, then the car should have

been run in such a way that it could be controlled in some other way. Questions for special findings must be based on grounds on which a recovery is asked, and can only be required on material questions of fact. Consolidated Coal Co. v. Maehl, 130 Ill. 551; J. S. E. Ry. Co. v. Southworth, 135 Ill. 250; C. & A. R. R. Co. v. Harrington, 192 Ill. 9; Springfield Coal Mining Co. v. Gedutis, 227 Ill. 9. The question was of such a character that it would not control a general verdict and it was properly refused. For the errors indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*