# John Vaughn, Appellee, v. O'Gara Coal Company, Appellant.

1. APPEALS AND ERRORS—*harmless error.* An instruction permitting a jury to pass upon the credibility of witnesses by considering the surrounding circumstances appearing on the trial is improper, but is not reversible error, where nothing is shown to have appeared upon the trial, outside of the evidence, that was calculated to influence the jury, and nothing appeared in the record that could possibly have such effect.

2. APPEALS AND ERRORS—*harmless error.* The giving of instructions in a personal injury case referring to the declaration for the charges contained therein and permitting the jury to determine that question is not reversible error where the counts contain the necessary allegations for recovery, and no claim is made of the insufficiency of such counts.

3. MINES AND MINERS—*instructions.* In an action by a miner for injuries alleged to have been sustained by reason of violation of the Mining Act, it is not erroneous to incorporate such statute in an instruction.

4. MINES AND MINERS—*that mine examiner did not appreciate danger will not excuse failure to mark a dangerous place.* Where a miner is injured by the fall of roof, the fact that a mine examiner who saw the condition of the room did not appreciate the danger will not release the employer from liability if a dangerous condition did in fact exist and the mine manager wilfully failed to mark it.

5. MASTER AND SERVANT—*contributory negligence.* Where a declaration charges a wilful violation of the Mining Act an instruction that under the charges in the declaration the plaintiff, a miner suing for personal injuries, was not required to show that he was in the exercise of due care for his own safety, states a proper legal proposition.

6. MINES AND MINERS—*only necessary to prove one count where several counts charge distinct acts of negligence.* Where there are two counts in a miner's declaration, each charging a distinct wilful violation of the Mining Act, an instruction that it was not necessary for the plaintiff to prove both counts, but that if he proved either he was entitled to recover, states a proper legal proposition.

7. MINES AND MINERS—*instruction as to custom in mine of ordering timbers.* In action by a miner for injury from his employer's alleged wilful violation of the Mining Act, in not furnishing timbers to prop an unsafe roof, an instruction referring to the custom of or-

dering timbers through the drivers when needed and of such timbers being cut to the proper length by timbermen and of such order being a legal demand for timber may be proper.

8. Mines and miners—*when custom in ordering props compels employer to furnish same in compliance with statute.* Where it was a custom in a mine for miners to order props and for timbermen to cut them into proper lengths when they are delivered to the place where needed, it cannot be contended that since a miner did not give any directions as to the number of props he wanted, or their dimensions, the furnishing of any kind of a reasonable prop would comply with the Mining Act.

9. Mines and miners—*evidence sufficient to go to jury.* Where a miner is injured by falling roof and there is evidence that the slip in the roof appeared a few days before the injury and was in a dangerous condition, that the mine examiner said that it ought to be propped and that the mine manager and others knew it was dangerous, a jury is warranted in finding that a dangerous condition existed and that the mine examiner saw the condition of the room and wilfully failed to mark it as a dangerous place, even though he did not appreciate the danger.

10. Witnesses—*contradiction.* An alleged statement of a witness is not admissible for the purpose of contradicting his testimony where it does not appear that he signed it, or that it contains the declarations exactly as he made them, or that it is in his handwriting or that it was made upon the same paper that was shown to him.

Appeal from the City Court of Harrisburg; the Hon. A. E. Somers, Judge, presiding. Heard in this court at the October term, 1911. Affirmed. Opinion filed March 21, 1912. Rehearing denied June 13, 1912.

M. S. Whitley, for appellant; Mastin & Sherlock, of counsel.

H. Robert Fowler and John L. Thompson, for appellee.

Mr. Justice McBride delivered the opinion of the court.

This appeal is prosecuted to reverse a judgment of fourteen hundred dollars recovered by appellee in the City Court of Harrisburg, Illinois.

On the 15th day of November, 1910, appellee was

engaged at work in room No. 16 off the 9th west entry, off the south, in appellant's coal mine No. 4 at Harrisburg, Illinois, and while so at work a part of the roof fell upon appellee and injured him. It is claimed by appellee that this clod was about eight feet long, five or six feet wide, and by some of the witnesses that it was two or three inches thick and that it came from a slip, or roll as some of the witnesses denominated it. As a result of this fall appellee's ankle was broken and he was otherwise bruised, but as we take it, no permanent injury excepting a partial loss of the lateral motion of the foot. It appears from the testimony of some of the witnesses that this slip or roll made its appearance in the room three or four days before the accident, and that it constituted a dangerous condition in this room and was not marked so as to indicate that it was dangerous. The evidence discloses that it was the custom at that mine to order props from the driver or mine manager, and that when the props were sent into the room, timbermen came in and cut the props a suitable length for the room. The evidence further discloses that the appellee and his buddy demanded props and cap pieces for this room at several different times but that the appellant failed to send any props to the room until about noon of the day of the injury, which occurred about 2:30 P. M. and at that time they had not been cut by the timberman of the proper length for the room, and were too long to be used as props in the room.

There are two counts in the declaration, each charging a wilful violation of the statute. The first count charges that a dangerous condition existed in the roof of the room in which appellee was engaged at work, and that such dangerous condition could have been discovered if defendant had made a reasonably, careful examination of said room, and that the defendant wilfully failed to place a conspicuous mark at the dangerous slip or place in appellee's working place, and

wilfully allowed the plaintiff to enter said mine not
under the direction of the mine manager.

The second count charges that there was an unsafe
condition in the roof of plaintiff's working place neces-
sary to be propped. That it was the custom in ap-
pellant's mine to order props, cap pieces and timbers
through the drivers when needed, and the timberman
would then and there cut them in proper lengths. That
appellee demanded props and cap pieces of the driver
to be delivered to him on the miner's car in proper
length, a reasonable and sufficient length of time be-
fore the injury to enable the defendant to furnish the
props and cap pieces, but that it wilfully failed so to
do, and that by reason thereof appellee was injured.

A motion was made by appellant to strike appellee's
statement, brief and argument from the files and re-
verse the judgment because of improper remarks con-
tained therein, and appellee has filed a suggestion that
there is nothing in the record showing that all of the
instructions are included therein. We have consid-
ered the motion and the suggestion but the motion will
be overruled, and the suggestion made is not concurred
in by this court.

At the conclusion of the plaintiff's evidence and all
of the evidence in the case, appellant entered its mo-
tion to exclude the evidence and direct a verdict as
to each of the counts in the declaration, and insists
that the court erred in not giving the instruction. To
say the least of it, there was evidence in this case
tending to show that a dangerous condition existed
in the roof of appellee's room, that it was necessary
for the safety of appellee and his buddy to prop this
place; that it was the custom in that mine to demand
props of the driver and for a timberman to come to
the room and saw the props of proper lengths; that
the appellee and his buddy did on several occasions
and on different days prior to the date of the acci-
dent demand props and cap pieces to prop the roof
of his room; that appellant failed to deliver such

props and cap pieces of proper dimensions to be used in propping the roof of the room; that if the props had been delivered at the times demanded the roof of the room could have been secured, and that as a result of the failure to supply the props and cap pieces a part of the roof fell upon appellee and injured him, and we think the court did right in overruling appellant's motion to direct a verdict as to that count of the declaration. As to the other count of the declaration, the evidence tends to prove that a dangerous place existed in the roof of appellee's room and that appellant failed to place a mark thereat indicating that it was dangerous, and suffered the appellee to enter the room not under the direction of the mine manager, in violation of the statute, and the court did not err in refusing this instruction. This question, however, will be more fully discussed in connection with the instructions which raise the question as to the sufficiency of the evidence to sustain a verdict.

It is next urged that the court erred in giving many of the instructions offered in behalf of appellee. Many of the criticisms offered are without merit and only such of them as we think materially effect the question involved herein will be considered. The criticism upon the first instruction is that as it relates to the credibility of witnesses, there is embodied in it, after directing the jury that they may consider their manner of testifying, their apparent candor and fairness, their apparent intelligence or lack of intelligence, "and from all the other surrounding circumstances appearing on the trial," determine which witnesses are the more worthy of credit. It is said that this gives the jury the privilege of considering the surrounding circumstances appearing upon the trial, which is true, and we think the giving of the instruction containing that clause was improper but do not believe it is reversible error, as nothing is shown to have appeared upon the trial, outside of the evidence, that was calculated to in

any manner influence the jurors and we see nothing in the record that could possibly have this effect upon the jury, and this also applies to the criticism offered to instruction No. 4.

We see no error in instructions Nos. 2 and 3.

Again it is urged that it was erroneous to incorporate the statute in instruction No. 5; this was held to be proper in the case of Donk Bros. Coal & Coke Co. v. Peton, 192 Ill. 41.

The sixth and seventeenth instructions are criticised because they refer to the declaration for the charges contained therein, and permit the jury to determine that question. While the practice of giving such an instruction is not to be commended, it is said by our Supreme Court that it is not reversible error where the counts contain the necessary allegations for recovery. No claim is made of the insufficiency of these counts. Belskis v. Dering Coal Co., 246 Ill. 62. The other criticisms upon these instructions are not well taken.

It is said that the seventh and eighth instructions should not have been given because in the seventh instruction the jury are told that under the charges in this declaration the plaintiff was not required to show that he was in the exercise of due care for his own safety; and in the eighth instruction that it was not necessary for plaintiff to prove both counts but that if he proved either he would be entitled to recover. We see nothing wrong with these instructions. They both state proper legal propositions.

It is urged that the ninth, twelfth and thirteenth instructions were improperly given because they gave the jury too much latitude in the assessment of damages. An examination of these instructions will show that in each one the damages are limited to such as appear from the evidence, and this objection is without merit.

The fifteenth instruction is criticised because of its reference to the custom of ordering timbers by the

miners, and such timbers being cut the proper length by the timbermen, and because the instruction at its conclusion says this would "certainly" constitute a legal demand, etc., for timbers. An examination of the original instruction in the record shows that this word "certainly" is not included therein, and that the printing of it in the abstract is an error. We think it was proper to give the instruction with reference to the custom and upon reference to appellant's 18th instruction it will be found that it also incorporated this idea of custom therein. We think the principle embodied in these instructions is recognized in the case of Vindas v. Dering Coal Co., 145 Ill. App. 528.

Again it is claimed that the court erred in refusing appellant's first, second, third, fourth and fifth instructions; the first, second and third of these embodied substantially in the appellant's 18th given instruction. We see no reason why the fourth instruction might not have been given but its refusal is not error. The fifth instruction was too limited in the matters to be considered in determining the credit to be given to the testimony of John Vaughn. He was entitled to not only the matters stated in the instruction but also to all other facts and circumstances appearing in evidence in the case. All other criticisms made upon these instructions have been substantially disposed of by the principles laid down in this opinion, except as to instruction No. 11 given on behalf of appellee, and this instruction in fact raises the question as to the liability of the appellant under the first count of this declaration. To properly pass upon this instruction it will be necessary to review a portion of the evidence offered in this case with reference to the condition of the place. The evidence of the appellee's witnesses is, that the roll or slip in the roof had made its appearance three or four days before the injury, and that the roll or slip was a dangerous condition and liable to fall at any time. That Meacham, the mine examiner, said to Vaughn that, "we ought to get

some props and timbers in that room and timber it up." The mine manager, Geo. Jacobs, testified that a slip may sound like it is solid and may fall in a little while and that he saw this after the fall and it looked like a kind of a slip, and said, "It is a thing that would sound solid at one time and maybe then a very short time drop out, and such are dangerous places in a room." Several other witnesses testified that a fault of this character was dangerous; while some of these statements are contradicted by witnesses for, appellant, and while the mine examiner says he did not see any dangerous condition there, we are unable to say that the jury was not warranted in finding that a dangerous condition did exist and that the mine examiner saw the condition of the room, and whether he appreciated the danger or not this would not relieve the appellant if a dangerous condition did in fact exist, and the mine examiner wilfully failed to mark it. The effect of appellant's eleventh instruction and appellee's thirteenth instruction is that if under such circumstances the mine examiner did wilfully fail to mark the dangerous place, if it existed, then a liability would attach. It is said by the Supreme Court in the case of Aetitus v. Spring Valley Coal Co., 246 Ill. 41, "These cases are sufficient to show that under the established construction given to the word 'wilful' in this statute the questions of the existence or non-existence of good faith or the presence or absence of an intention to comply with the statute on the part of the operator are not involved." The evidence in this case at least tends to show that Meacham, the mine examiner, knew the condition of the roof of that room, and whether he regarded it as being dangerous or not could make no difference, as in the case last above cited the court says, "When the mine owner or operator is advised of the conditions in the mine he must place in the mine, if it is dangerous, the statutory marks, and if he fails to do so he acts at his peril and he can not excuse himself because he or his examiner

or manager may think the mine safe. To so hold would be to permit the mine owner or operator or his examiner or manager to usurp the functions of the court and jury and to pass upon a question which, in every case like this, is a matter of proof and is to be determined as a fact by the jury." And this doctrine is recognized in the case of Olson v. Kelly Coal Co., 236 Ill. 502. We are satisfied from the evidence that the jury was warranted in finding that a dangerous condition existed in the room in question, and that it was not marked, and that it was wilful negligence to permit the appellee to enter this room except under the direction of the mine manager until this dangerous condition had been repaired.

Again it is insisted that as the appellee did not give any directions as to the number of props he wanted, or their dimensions, that any kind of a reasonable prop could be furnished and that would comply with the statute under the decisions of the Springfield Coal Mining Co. v. Gedutis, 227 Ill. 9, and Hackart v. Decatur Coal Co., 243 Ill. 49. We do not regard these cases as having any application where it is shown that a custom exists with reference to the furnishing of props and their preparation by the Company after having been placed in the room. Those cases simply permit the miner, where a bad condition exists in his room, to determine for himself the particular kind of timber that he needs to use but we think have no application to the facts as involved in this case. If the appellant had been employed to go from room to room and prepare the props that were sent down to be used, then it had knowledge of the fact that the props were not of the proper dimensions but had to be made so.

It is claimed that the court erred in refusing to admit in evidence the statement of Uhl Jennings for the purpose of contradicting his testimony. It does not appear that Jennings signed this statement or that it contains the declarations exactly as he made them or that it is in his handwriting or that it was made

upon the same paper that was shown to the witness. We think the ruling of the court in excluding this statement was correct.

Many objections have been raised and urged for a reversal of this judgment. It would be entirely too tedious and unnecessary to undertake to answer all these objections at length. We have examined and passed upon the principal ones and as the jury has found that the appellant was guilty of wilful negligence as charged in the declaration, we can not say that its verdict is manifestly against the weight of the evidence or that the court committed reversible error in any of its rulings, and the judgment of the lower court is affirmed.

*Affirmed.*