(78 South. 372)

## CLARK v. CHOCTAW MINING CO.
### (6 Div. 709.)

(Supreme Court of Alabama. Jan. 17, 1918. Rehearing Denied April 4, 1918.)

1. MASTER AND SERVANT ⬤➡118(5) — INJURY TO SERVANT—NEGLIGENCE OF MASTER.

In an action for injuries to servant for master's negligent failure to furnish props or timbers for mine, where servant failed to designate the places of delivery of timber selected, as required by Acts 1911, p. 514, § 38, he could not recover.

2. APPEAL AND ERROR ⬤➡1039(6)—HARMLESS ERROR—PLEADING.

Assuming that rulings on pleas were erroneous, plaintiff would not be prejudiced, where he failed to establish his cause of action.

Appeal from Circuit Court, Walker County; J. J. Curtis, Judge.

Action by Sam Clark against the Choctaw Mining Company. Judgment for defendant, and plaintiff appeals. Affirmed.

Ray & Cooner, of Jasper, for appellant. J. H. Bankhead, Jr., of Jasper, for appellee.

McCLELLAN, J. [1] The plaintiff Clark, was injured by rock falling upon him in the room of a coal mine operated by the defendant (appellee), in which room he was then engaged in loading coal on a car under his employment by, and in the service of, one Latham who, as a *contractor* with defendant, had contracted to mine coal in certain parts of defendant's mine at a stipulated compensation a ton. The appellant asserts that his first count was intended to declare upon the breach by the defendant, the mine operator, of the duty established and defined in section 38 of the act approved April 18, 1911 (Gen. Acts 1911, pp. 500, 514). That section reads:

"It shall be the duty of persons operating coal mines in this state to keep at a convenient place at or near the main entrance of the mine, or in the mines, a sufficient supply of props and other timbers useful for propping therein, of suitable lengths and sizes, for those working in such mines. It shall be the duty of those work-

ing in said mines who need props or other timbers to select and mark the same when needed for propping by them, designating on such props or timbers the place at which the same are to be delivered or give notice to the person whose duty it is to deliver or have the same delivered, of the number and kind of props or other timbers needed and of the place at which they are to be delivered. It shall then be the duty of the operator to promptly deliver, or cause to be delivered, such props or other timbers at the place designated."

It is clear from the terms of the statute that the duty to designate the props or timbers desired or to give notice of the number and kind of props or other timbers needed and of the place at which they are to be delivered is laid upon the workman himself, and that he (the workman) must make the required designation or give the notice, to the end that the duty to deliver the props or other timbers may be imposed upon the operator.

Whether the quoted section has application otherwise than as between the master and servant, the mine operator and its employé, *only*, is a question of doubtful solution; and its decision is not, as will appear, essential to the proper disposition of this appeal.

The gravamen of the first count is that the defendant negligently failed, to the plaintiff's proximately resulting injury, to promptly deliver props and timbers of the character described in the quoted section at the plaintiff's working place in the mine. The other counts proceeded on the theory of the existence of the relation of master and servant between the plaintiff and the defendant; but the undisputed evidence disclosed no such relation. Hence, a recovery on those counts could not be had. In the first count it is also averred:

"And plaintiff alleges that the said Latham, whom plaintiff was assisting in working on his said contract in said mine where he was injured as aforesaid, had, before the said injuries occurred, designated on said blackboard the timbers needed by said plaintiff in his working place, under such rule of defendant, and thus demanded said props and timbers needed in his working place, and of the number and kind of props and timbers so needed and of the place at which they were to be delivered.

"And plaintiff alleges that it then became the duty of the defendants to promptly deliver, or cause to be delivered, the said props and timbers at his said working place."

The quoted section requires, as a condition to the imposition of the duty to deliver the props or timbers, that the workman needing the props or timbers either designate by marks on the desired materials the place where the delivery is to be made, or acquaint the person whose duty it is to deliver the materials or to have the materials delivered with "the number and kind of props or other timbers needed *and of the place at which they are to be delivered*" (italics supplied).

The action of the court in giving the general affirmative charge for the defendant was entirely justified by the failure of the evidence to show, in any degree, that notice was given to the defendant of the place at which

props or timbers to be used in the plaintiff's working place should be delivered. It appears that this contractor, Latham, had six or seven rooms which he was having mined under his contract with the defendant. The data placed upon the blackboard opposite Latham's name did not designate the place at which the desired materials were to be delivered. There is no evidence that Latham was the representative of the defendant to accept or receive the notice defined in the quoted section. The testimony, given by the plaintiff himself, that it was Latham's duty "to set the timbers up" did not serve to prove compliance with a prerequisite of the statute to the imposition of the duty to deliver the props or timbers, viz. that notice of the *place* of delivery should be given as the section contemplates.

[2] The other rulings of the trial court on the sufficiency of pleas were without prejudice to the plaintiff, even if it be assumed (not decided) such rulings were erroneous, since the plaintiff's evidence failed to carry the burden of proof resting on him under the averments of the first count. There was no error in any of the rulings on the admission of evidence. Under the statute, in the light of the evidence in this record, what was said between Latham and the plaintiff with respect to the propping of the roof was immaterial.

No prejudicial error appearing, the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and GARDNER, JJ., concur.