(83 South. 62)

ALTOONA COAL CO. v. KELLY. (7 Div. 12.)

(Supreme Court of Alabama. June 26, 1919.
Rehearing Denied Oct. 23, 1919.)

MASTER AND SERVANT ⬥118(5)—COAL MINE EMPLOYÉ MUST DESIGNATE PROPS DESIRED.

Under Gen. Acts 1911, p. 500, § 38, requiring persons operating coal mines to keep on hand a sufficient supply of props, etc., it is the duty of the workman himself to designate the props or timbers desired, or to give notice of their number and kind, and of the place at which they are to be delivered.

Appeal from Circuit Court, Etowah County; O. A. Steele, Judge.

Suit by S. A. Kelly against the Altoona Coal Company. From judgment for plaintiff, defendant appeals. Reversed and remanded.

Appellee, an employé of appellant company, was injured by a rock falling from the roof of the mine of said company, while at work therein, engaged in "robbing an entry of said mine," and brought this suit to recover damages for such injuries.

The counts of the complaint upon which the cause of action was submitted to the jury rested for recovery upon the provisions of section 38 of the act approved April 18, 1911 (Gen. Acts 1911, p. 500). There was verdict and judgment for the plaintiff, from which the defendant prosecutes this appeal.

The evidence for the plaintiff tended to show: That he was working for the defendant company in its coal mine, engaged in "robbing an entry." That "robbing [an entry] means that they come along and take down pillars that have been left for the coal there is in them"—being done after the mines are mined out. That he was "robbing" an entry in the mine when a rock fell from the roof, resulting in his injuries which are detailed, and that the roof should have been propped. That about 18 hours before the accident occurred on Friday evening, a wagon load of props and timbers was brought to the mouth of the mine. That the plaintiff saw them, but did not ask that any of the timbers be brought in, and did not mark any of them for that purpose. The plaintiff further testified:

"There were no timbers marked by me that day that were not brought in. I hardly ever marked any timbers at all. All I had marked were brought in, so far as I know. I just told the motorman to fetch us timbers such as was on the yard that we could use. All the trouble about the timbers was that they were a little too long; otherwise the dimensions were proper. I made no requisition for timbers for any particular size or length. I did not designate the length I wanted my timbers. * * * When I asked for timbers, I did not ask for

them to be delivered at any particular place, nor of any particular length."

The defendant requested the affirmative charge, which was refused.

Goodhue & Brindley, of Gadsden, for appellant.

Stallings & Drennen, of Birmingham, and O. R. Hood, of Gadsden, for appellee.

GARDNER, J. The recovery in this cause was had upon counts of the complaint resting upon the provisions of section 38 of the act approved April 18, 1911 (Gen. Acts 1911, p. 500), which section is as follows:

"It shall be the duty of persons operating coal mines in this state to keep at a convenient place at or near the main entrance of the mine, or in the mines, a sufficient supply of props and other timbers useful for propping therein, of suitable lengths and sizes, for those working in such mines. It shall be the duty of those working in said mines who need props or other timbers to select and mark the same when needed for propping by them, designating on such props or timbers the place at which the same are to be delivered or give notice to the person whose duty it is to deliver or have the same delivered, of the number and kind of props or other timbers needed and of the place at which they are to be delivered. It shall then be the duty of the operator to promptly deliver or cause to be delivered such props or other timbers at the place designated."

It seems to be the insistence of counsel for appellee that the proper construction of this section requires that the mine owner be held to liability under said section if he fails to keep constantly on hand at the mouth of the mines props and timbers of such lengths and sizes as would meet any and all possible requirements as to varying thicknesses of the seams of coal and varying heights of the entries, without regard to demand or notice on the part of the workman. This contention is not in accord with the holding of this court in the case of Clark v. Choctaw Mining Co., 201 Ala. 466, 78 South. 372, wherein it is said:

"It is clear from the terms of the statute that the duty to designate the props or timbers desired or to give notice of the number and kind of props or other timbers needed, and of the place at which they were to be delivered, is laid upon the workman himself, and that he [the workman] must make the required designation or give the notice, to the end that the duty to deliver the props or other timbers may be imposed upon the operator."

We will not at this time enter into a discussion or analysis of said section 38, in view of the holding in the above-cited case, which we consider as conclusive. We think this construction is but the logical result of the language used, is entirely reasonable, and in

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

line with other authorities to the effect that the miner must be the one to determine the length and dimensions of the props that he desires to use. Palmer's Adm'x v. Empire Coal Co., 162 Ky. 130, 172 S. W. 97; Western Anthracite Coal & Coke Co. v. Beaver, 192 Ill. 333, 61 N. E. 336; Springfield Mining Co. v. Gedutis, 227 Ill. 9, 81 N. E. 9; Kelleyville Coal Co. v. Strine, 217 Ill. 516, 75 N. E. 375.

There is nothing in this holding at all out of harmony with the holding of Stith Coal Co. v. Sanford, 192 Ala. 601, 68 South. 990, as in that case there was evidence on the part of the plaintiff tending to show that he gave the proper notice and demand, as required by the statute. Indeed, the language used in that authority tends to the conclusion here reached; for, in speaking of proof of such demand, it was said:

"Upon such demand being made, it becomes, of course, under the statute, the duty of the operator to comply therewith; the demand itself being reasonable and timely."

The evidence in the instant case is without dispute that there were props and timbers at the mouth of the mine in sufficient quantity. The evidence for the plaintiff tends to show they were not of proper dimensions for his particular use in the entry where he was working. The plaintiff testified that the only objection to these timbers was that they were a little too long; otherwise the dimensions were proper. He further stated that he "made no requisition for the timbers that morning of any particular sizes or lengths. * * * He did not ask for them to be delivered to any particular place, nor of any particular length." He further stated that all that was necessary to make the props fit for use was to cut them down a few inches.

Had the plaintiff made the proper designation as to props or timbers desired, or made the demand therefor as prescribed by the statute, the authority of Stith Coal Co. v. Sanford, supra, would sustain the contention that the mine operator had not complied therewith, if props were furnished which must be "worked over" before they could be used. But, under the plaintiff's own evidence, he made no such demand and failed utterly and entirely to comply with the duties imposed upon him under the statute in this respect. This being the situation, under the ruling of Clark v. Choctaw Mining Co., supra, the plaintiff failed to make out his case under said section 38, and the affirmative charge should have been given for the defendant as requested.

It results therefore that the judgment must be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.