(87 South. 541)

## KELLY v. ALTOONA COAL CO.   (7 Div. 85.)

(Supreme Court of Alabama.  Dec. 2, 1920.)

**Master and servant** ⊂⊃118(5) — **Mine timbers held sufficient under statute.**

In order to comply with Gen. Acts 1911, p. 514, § 38, persons operating coal mines need not keep near the entrance or in the mine timbers cut to meet every possible emergency that may call for the propping of roofs in the progress of mining operations, but it is sufficient when they keep near the entrance or in the mines suitable timbers from which they may, upon notice from a miner designating number and kind, cut and deliver the props or other timbers needed.

Brown, J., dissenting.

Appeal from Circuit Court, Etowah County;  O. A. Steele, Judge.

Action by S. A. Kelly against the Altoona Coal Company for damages for injuries suffered while engaged in his employment.  Judgment for defendant, and plaintiff appeals.  Affirmed.

The following is common to all the counts:

Plaintiff claims of the defendant $20,000 as damages for that heretofore, on, to wit, the 8th day of December, 1917, he was in the service and employment of the defendant, and while in said service and employment and engaged in and about the discharge of his duty as such employee in a certain coal mine then and there being operated by defendant in Etowah County, Ala., certain rock or a part of the roof of said mine fell upon plaintiff, mashing, bruising, and injuring plaintiff's back, hurting him internally, and plaintiff was for a long time rendered wholly unable to work and earn money and rendered permanently less able to work and earn money, and was made sore and sick, and put to great expense for medicine, medical care, and treatment in and about his efforts to heal and cure himself, and suffered great mental and physical pain.

Count 10 adds as follows:

Plaintiff avers that the defendant, who was then and there the operator of said coal mine, negligently failed to keep at a convenient place at or near the main entrance of the mine, or in the mines any props and other timbers useful for propping therein of such lengths and sizes as could be used at the place or places where plaintiff was working in said mines without cutting them in two, working them over or splicing them, and as a proximate consequence thereof said rock or part of roof could not be propped by plaintiff, and it fell upon the plaintiff, and plaintiff was so injured as a proximate consequence of said negligence.

Count 11 adds the following:

Plaintiff avers that defendant, who was then and there the operator of said coal mine, negligently failed to keep at a convenient place at or near the main entrance of the mine, or in the mines, any supply of props and other timbers useful for propping therein, of such lengths and sizes as could be used by plaintiff in the place or places where he was at work, without cutting them in two, working them over or splicing them, and that no such timbers were kept by the defendant either at or near the main entrance of the mines, or in the mines, from which plaintiff could make a selection and which he could mark as timbers he needed for propping said roof of the mine at the place or places where he was at work, or on which he could designate the place at which they should be delivered, or of which plaintiff could have given notice to deliver to the person whose duty it was to deliver, or have delivered, said timbers, of the number and kind of props or timbers he needed and of the place at which they were to be delivered, and as a proximate consequence thereof said rock or part of roof could not be propped by plaintiff, and it fell on plaintiff, and plaintiff was injured by reason of and as a proximate consequence of said negligence of defendant.

Count 12 adds the following:

Plaintiff avers that defendant, who was then and there the operator of said coal mine, on the day before plaintiff was so injured and for some time prior thereto, failed to keep any supply whatever of props and other timbers useful for propping in said mine, either at or near the main entrance of the mines, or in the mines, and on said day before the day on which plaintiff was so injured he gave notice to the defendant of the fact that it was negligently failing to keep at either of said places such supply of props and other timbers, and after plaintiff gave said notice defendant did cause one or more loads of props to be delivered at or near the main entrance of said mines, but such props and timbers were not of such lengths and sizes as could be used by plaintiff for propping the roof, at the place or places where he was at work without cutting them in two, working them over or splicing them, and on the day plaintiff was injured defendant had no props and timbers, either at or near the main entrance of the mines or in the mines, which

⊂⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

plaintiff could use, at the place or places he was at work, for propping the roof of said mines without cutting them in two, working them over or splicing them, and as a proximate consequence of defendant's said negligence plaintiff had no props or timbers with which he could prop said rock or part of roof, and it fell on plaintiff, and he sustained the injuries complained of.

Stallings & Drennen, of Birmingham, and O. R. Hood, of Gadsden, for appellant.

Counts 10, 11, and 12 were good, under the statute and under the authorities cited in the opinion on former appeal. 203 Ala. 338, 83 South. 62.

Goodhue & Brindley, of Gadsden, for appellee.

This appeal should be affirmed on the authority of the former appeal. 203 Ala. 338, 83 South. 62.

SAYRE, J. After a judgment for the plaintiff, now appellant, had been reversed on a former appeal (203 Ala. 338, 83 South. 62), counts 10, 11, and 12 were added by amendment, and the present appeal asserts that the trial court erred in sustaining demurrers to said counts. Appellant's proposition is that, in order to comply with the statute, General Acts 1911, p. 500, § 38, persons operating coal mines in the state must keep near the entrance or in the mines timbers cut to meet every possible emergency that may call for the propping of roofs in the progress of mining operations. We held to the contrary on the former appeal, and find no sufficient reason for doubting that conclusion. We held then, and in Clark v. Choctaw Mining Co., 201 Ala. 465, 78 South. 372, in effect, that persons operating coal mines comply with the statute when they keep near the entrance or in the mines suitable timbers from which they may and do, upon notice from the miner designating number and kind, cut and deliver the props or other timbers needed. The trial court ruled in agreement what this court had previously ruled, and its rulings were free from error.

Affirmed.

All the Justices concur, except BROWN, J., who dissents.

BROWN, J. In some of the counts of the complaint the plaintiff rests his right of action on the violation of the defendant of section 38 of the act of April 18, 1911, which provides:

"It shall be the duty of persons operating coal mines in this state to keep at a convenient place at or near the main entrance of the mine, or in the mines, a sufficient supply of props and other timbers useful for propping therein, of suitable lengths and sizes, for those working in such mines. It shall be the duty of those working in said mines who need props or other timbers to select and mark the same when needed for propping by them, designating on such props or timbers the place at which the same are to be delivered or give notice to the person whose duty it is to deliver or have the same delivered, of the number and kind of props or other timbers needed and of the place to which they are to be delivered. It shall then be the duty of the operator to promptly deliver or cause to be delivered such props or other timbers at the place designated." Section 38, Acts 1911, p. 514.

The first duty imposed by this statute is upon the mine operator, and that is "to keep at a convenient place, at or near the main entrance of the mine, or in the mine, a sufficient supply of props and other timbers useful for propping therein, of suitable lengths and sizes, for the workmen in said mine." Until the duty is met, the duty of selection imposed on the workman in the mines does not and cannot arise, and in complying with the duty of furnishing such timbers the operator must take notice of and anticipate the variations in the heights of the roof and the necessity for props of different lengths and sizes. Manifestly the duty here imposed is not met by keeping on hand material out of which props may be manufactured or made, but he must keep on hand—to use the language of the statute—"timbers useful for propping * * * of suitable lengths and sizes," not timbers that may be made into suitable timbers by being cut in two, cut off, spliced, or ripped. This construction is supported by the further provision that the selection of the props needed must be designated by marks placed on the props showing where they are to be delivered.

The holding on the former appeal is not supported by Clark v. Choctaw Mining Co., 201 Ala. 466, 78 South. 372. That case merely holds that the duty of the operator to deliver the props at the miner's place of work does not arise until there has been a selection and proper designation of the props needed, as required by the statute.

The cases from the Kentucky and Illinois courts merely hold that the mine operator or foreman cannot go over the head of the workman and select the props needed in his place of work; this duty and right being placed on the workman.

For these reasons, I do not concur in the construction given this statute on the former appeal, or in the opinion of the court in this case.